■ THERESA HANCOCK, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendants. [645 NYS2d 797] —Order, Supreme Court, New York County (Jane S. Solomon, J.), entered January 10, 1995, to the extent that it denied the motion by defendant City of New York for summary judgment and granted plaintiff's motion to amend the notice of claim, reversed, on the law, without costs, plaintiff's motion is denied, and the motion for summary judgment is granted dismissing the complaint against said defendant. The Clerk is directed to enter judgment in favor of defendant City of New York dismissing and severing the complaint as against it.

Defendant A&P Burglar Alarm Systems installed in plaintiff's decedent's Lower East Side commercial premises a silent alarm system which, when activated by the client, would oblige the company to contact the police at 911. On a November afternoon in 1991, A&P forwarded an alarm transmission to 911, but because the police officers responding to the location received inaccurate data, their investigation, though timely, was less than thorough. Ninety minutes later, a neighbor's far more precise 911 call led police back to the commercial premises, where this time they discovered the body of decedent, who had evidently been the victim of a robbery. This wrongful death action ensued. Plaintiff's amended notice would add a claim for the decedent's conscious pain and suffering.

A municipality may not be held liable for injuries resulting from failure to provide police protection to an individual, absent some "special relationship" between the municipality and the individual (*Merced v City of New York*, 75 NY2d 798; *Kircher v City of Jamestown*, 74 NY2d 251). Such a relationship can only be established on proof that the injured party had direct contact with the municipality's agents, and relied to her detriment on the latter's assurance of action on her behalf (*Merced v City of New York, supra*). Furthermore, the injured party's reliance must be causally related to the harm suffered (*Cuffy v City of New York*, 69 NY2d 255).

The requirement of direct contact is not satisfied where the 911 call is actually placed by a third party (*Merced v City of New York, supra*). In *Nicolosi v City of New York* (224 AD2d 505), where the call to the police was similarly placed by a se-

curity central monitoring service for a business establishment,[1] the Second Department held that the injured party failed to establish the municipality's assumption, by word or deed, of a duty to act on her behalf. The claim in the instant case presents the anomaly of a burglar alarm company able to limit by contract its own liability (absent gross negligence), but then purportedly able to cast the City in liability for unlimited damages—this despite the absence of any prior relationship between the City and the company's client. Such a contract confers no special duty on the municipality to protect A&P's client, notwithstanding the fact that police had responded to decedent's accidental false alarms on two or three prior occasions.[2]

In light of our disposition, we need not address the issue of timeliness in amending the notice of claim. Concur—Rosenberger, J. P., Wallach and Williams, JJ.

Kupferman, J., dissents and would affirm for the reasons stated by Solomon, J. [See, 164 Misc 2d 122.]

---

1. According to the unpublished order below, in Supreme Court, Queens County (index No. 26055/92, Jan. 21, 1994).

2. If anything, this item of evidence, which was relied upon by the IAS Court to support a finding of special relationship, seems to cut in the opposite direction, serving only to dilute the reliance by the police on the genuineness of any emergency.