■ BEVERLY BARABAN et al., Respondents, v ORIENT-EXPRESS HOTELS, INC., et al., Appellants, et al., Defendant. [739 NYS2d 366] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered September 20, 2001, which denied the motion by defendant Orient-Express Hotels, Inc. (Orient-Express) and the cross motion by defendant Essilor of America, Inc. (Essilor) for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff Barbara Baraban was injured while attending a

national sales conference hosted by defendant Essilor, a manufacturer of ophthalmic lenses, at a hotel allegedly owned or managed by defendant Orient-Express. Plaintiff alleges that, as she walked out of the ballroom in which a banquet was being held during the conference, she tripped and fell over electrical wires attached to sound or lighting equipment. The record establishes that the equipment had been set up by Sound & Vision Communications, Inc. (SVC), a contractor Essilor had retained to provide staging and technical support for the conference.

The IAS court correctly denied the motion for summary judgment by Orient-Express. Although the record establishes that Orient-Express, through a subsidiary, holds only a 19.99% ownership interest in the hotel, the Form 10K filed by Orient-Express's corporate parent states that an unidentified entity under common control with Orient-Express manages the hotel. Since Orient-Express has failed to identify the entity that actually manages the hotel, and such information is within Orient-Express's possession, Orient-Express has failed to proffer sufficient evidence to entitle it to summary judgment, regardless of the sufficiency of the opposing papers (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

We also affirm the denial of Essilor's cross motion for summary judgment, but not for the reason stated by the motion court. "Ordinarily, a principal is not liable for the acts of independent contractors in that, unlike the master-servant relationship, principals cannot control the manner in which the independent contractors' work is performed" (*Chainani v Board of Educ.*, 87 NY2d 370, 380-381). Although there is an exception to this rule for certain activities deemed "inherently dangerous" (*id.* at 381 [citing as examples "blasting, certain types of construction and working with high tension electric wires"]), that exception is inapplicable here, contrary to the view of the motion court. Electrical equipment may be set up in a public place without creating any tripping hazard if the wires are carefully placed, covered and secured. Since the principal had no reason under the circumstances of this case to anticipate that special dangers would arise from the placement of electrical wires by a nonnegligent contractor, this activity was not inherently dangerous so as to render the principal vicariously liable for the contractor's negligence (*see, Chainani v Board of Educ., supra; Rosenberg v Equitable Life Assur. Socy.*, 79 NY2d 663, 670-671; *Robinson v Jewish Hosp. & Med. Ctr.*, 275 AD2d 362, 364, *lv denied* 96 NY2d 705).

Although the placement of electrical wires is not inherently

dangerous, we affirm the denial of Essilor's cross motion for summary judgment on the ground that Essilor has not established that it did not control SVC's work. Essilor failed to produce, either in discovery or in support of its cross motion, a proposal that was attached as an exhibit to its agreement with SVC and incorporated therein by reference. No explanation or excuse has been offered for the failure to produce this contractual document. The extent of Essilor's control over SVC's performance cannot be determined on a record that does not include the full documentation of the parties' agreement. Accordingly, Essilor's cross motion was correctly denied. Concur—Williams, P.J., Saxe, Ellerin and Friedman, JJ.