■ HILDA BAEZ, Appellant, v CITY OF NEW YORK et al., Respondents. [765 NYS2d 875] —Judgment, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered on or about June 10, 2002, which granted defendants' motion for a directed verdict at the end of plaintiff's case and dismissed the action, unanimously affirmed, without costs.

In this case involving the belated arrival of an ambulance, plaintiff failed to meet her burden of establishing the existence

of a special relationship running from the municipality to plaintiff or her decedent (*see Cuffy v City of New York*, 69 NY2d 255, 260 [1987]). Therefore, plaintiff did not establish the narrow exception to the general rule that a municipality cannot be held liable for its failure to protect the public at large from harm, and the court properly granted defendants a directed verdict.

Plaintiff failed to establish any direct contact between either herself or the decedent and the 911 operators. The persons who made 911 calls were disinterested nonparty volunteers, who were not acting at the direction of either plaintiff or the decedent. Accordingly, the direct contact requirement for the special relationship exception was not satisfied (*see Cuffy, supra* at 261-262; *Hancock v City of New York*, 230 AD2d 603 [1996]; *Helman v County of Warren*, 111 AD2d 560, 561-562 [1985], *affd* 67 NY2d 799 [1986]).

Furthermore, plaintiff did not establish reliance, another requirement of the special relationship exception. While plaintiff claims she delayed in taking the decedent to a hospital by taxi in reliance on her expectation of the imminent arrival of an ambulance, there is no evidence that any of the 911 operators ever gave any indication of when an ambulance would be arriving. Concur—Sullivan, J.P., Rosenberger, Lerner, Friedman and Marlow, JJ.