■ DIANA BROWN, as Administratrix of the Estate of ANDRE BROWN, Also Known as ANDRE BROWN, SR., Deceased, Appellant, v TRANSCARE NEW YORK, INC., et al., Defendants, and CITY OF NEW YORK FIRE DEPARTMENT et al., Respondents. [811 NYS2d 655]—

Order, Supreme Court, Bronx County (Douglas E. McKeon,

J.), entered November 16, 2004, which, to the extent appealed from as limited by the briefs, granted the cross motion of the municipal defendants for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

There were no triable issues of fact as to whether the city defendants could be held vicariously liable for the actions of defendant St. Barnabas Hospital's contractor, defendant Transcare New York, where the ambulance and its personnel were not hired, compensated or trained by the city defendants (*see Hilsen v City of New York*, 254 AD2d 10 [1998], *lv denied* 92 NY2d 817 [1998] [no vicarious liability for actions of private hospital's employees and ambulance paramedics dispatched by defendant municipal emergency ambulance service]). Plaintiff's argument that the City exercised sufficient control over St. Barnabas and Transcare to impose liability is improperly raised by plaintiff for the first time on appeal. In any event, the standard agreement between the Fire Department and St. Barnabas does not demonstrate a level of control necessary to impose liability on the City. Nor may the City be held vicariously liable on the theory that Transcare was an independent contractor performing inherently dangerous work, as the medical services provided are not inherently dangerous (*Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663 [1992]; *Robinson v Jewish Hosp. & Med. Ctr. of Brooklyn*, 275 AD2d 362, 364 [2000], *lv denied* 96 NY2d 705 [2001]; *see also Saini v Tonju Assoc.*, 299 AD2d 244 [2002]; *cf. Baraban v Orient-Express Hotels*, 292 AD2d 203 [2002]).

Plaintiff has also failed, as a matter of law, to demonstrate any special relationship giving rise to a duty owed by the municipality to plaintiff's decedent (*see Pelaez v Seide*, 2 NY3d 186, 198-200 [2004]; *Lauer v City of New York*, 95 NY2d 95, 102 [2000]; *Cuffy v City of New York*, 69 NY2d 255, 260 [1987]; *Laratro v City of New York*, 25 AD3d 184, 187-188 [2005]). There is no triable issue regarding the lack of any direct contact between the decedent and the city defendants, or the decedent's justifiable reliance, where it is uncontested that the 911 call was made by a Good Samaritan neighbor who did not even know the decedent (*see Kircher v City of Jamestown*, 74 NY2d 251, 257-258 [1989]; *Cuffy*, 69 NY2d at 262; *Baez v City of New York*, 309 AD2d 679 [2003]), and there is no evidence that the decedent even knew an ambulance had been called.

Plaintiff's arguments regarding the alleged negligence of the dispatcher and the medical control officer are precluded, as they were not raised in plaintiff's notice of claim (*see Chieffet v New York City Tr. Auth.*, 10 AD3d 526 [2004]), and are in any event

without merit. There is no basis, other than vague and conclusory claims, to support plaintiff's assertion that further discovery might lead to any evidence relevant to triable issues of fact (*see Kershis v City of New York*, 303 AD2d 643 [2003]; *Bailey v New York City Tr. Auth.*, 270 AD2d 156 [2000]).

Plaintiff's remaining contentions are without merit. Concur— Tom, J.P., Friedman, Sullivan, Gonzalez and Catterson, JJ.