YVONNE VELASQUEZ-SPILLERS et al., Appellants, v INFINITY BROADCASTING CORPORATION, Doing Business as WNEW-FM, Respondent, et al., Defendants. [857 NYS2d 107]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered September 26, 2006, which, insofar as appealed from as limited by the briefs, granted defendant Infinity Broadcasting Corporation's motion to dismiss the causes of action sounding in intentional tort (first through sixth) and plaintiff Brian Spillers' cause of action for loss of services (thirteenth), unanimously modified, on the law, to deem the dismissal of the twelfth cause of action (employment discrimination) to be a dismissal of the tenth cause of action (negligent hiring), and otherwise affirmed, without costs.

We modify to the extent indicated because the motion court's decision shows that when detailing the complaint's 13 causes of action, the court inadvertently omitted mention of the sixth cause of action for slander, which resulted in the misnumbering of the remaining claims. It is clear from the order that the court sustained the employment discrimination claims (the complaint's eleventh and twelfth causes of action) while dismissing the claims sounding in negligence (seventh through tenth), which plaintiff does not challenge on appeal.

The court properly dismissed the complaint's causes of action sounding in intentional tort, where plaintiffs' allegations that Infinity was vicariously liable for the actions of its supervisor defendant Macchiaroli, are conclusory, and otherwise belied by factual allegations that Macchiaroli verbally and physically assaulted plaintiff in front of coworkers. Such alleged tortious conduct could not be reasonably construed to be in furtherance of Infinity's interest, nor within the scope of Macchiaroli's employment (*see N.X. v Cabrini Med. Ctr.*, 97 NY2d 247, 251

[2002]). Accordingly, plaintiff is subject to the exclusive remedy provisions of the Workers' Compensation Law (*see* Workers' Compensation Law §§ 11, 29 [6]; *Acevedo v Consolidated Edison Co. of N.Y.*, 189 AD2d 497, 500-501 [1993], *lv dismissed* 82 NY2d 748 [1993]). The complaint also did not contain requisite allegations that Infinity had knowledge of, or acquiesced in, the tortious conduct of Macchiaroli (*see Hart v Sullivan*, 84 AD2d 865 [1981], *affd* 55 NY2d 1011 [1982]), and the motion court appropriately rejected plaintiff's assertion that in light of his high-level position within the company, Macchiaroli "was Infinity." Inasmuch as the intentional tort claims were properly dismissed, the derivative claim for loss of services (thirteenth cause of action) was also properly dismissed (*see Paisley v Coin Device Corp.*, 5 AD3d 748, 750 [2004]). Concur—Mazzarelli, J.P., Friedman, Sweeny and Moskowitz, JJ.