■ Marie Yva Jean-Louis, Appellant, v Hilton Hotels Corporation et al., Respondents. [889 NYS2d 186]—

The court properly dismissed the second cause of action wherein plaintiff alleges that defendants negligently trained, managed and/or supervised employees who confined her to an office for an hour and did not allow a union representative to be present while discussing her complaint that her supervisor inequitably distributed work based on her ethnicity and religious beliefs. This claim is barred by the exclusive remedy provisions of the Workers' Compensation Law (see Workers' Compensation Law §§ 11, 29 [6]; Burlew v American Mut. Ins. Co., 63 NY2d 412, 416 [1984]), and contrary to plaintiff's contention, the cause of action did not allege facts sufficient to invoke the intentional tort exception to the Workers' Compensation Law. Even if the alleged conduct could be reasonably construed to be in furtherance of defendants' interest, "[t]he complaint . . . did not contain requisite allegations that [defendants] had knowledge of, or acquiesced in, the tortious conduct of [their employees]" (Velasquez-Spillers v Infinity Broadcasting Corp., 51 AD3d 427, 428 [2008]). Concur—Tom, J.P., Sweeny, Moskowitz, Acosta and Abdus-Salaam, JJ.