Richards v Security Resources (2020 NY Slip Op 05472)





Richards v Security Resources


2020 NY Slip Op 05472


Decided on October 06, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 06, 2020

Before: Friedman, J.P., Webber, Kern, Moulton, JJ. 


Index No. 101659/2018 Appeal No. 11950 Case No. 2019-5457 

[*1]Alroy Richards, Plaintiff-Appellant,
v
Security Resources, Defendant-Respondent Joseph Katanga, Defendant.


Alroy Richards, appellant pro se
Lewis Brisbois Bisgaard & Smith LLP, New York (Peter T. Shapiro of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered June 17, 2019, which granted defendant Security Resources' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint, denied plaintiff's cross motion to compel production of a surveillance video and permit alternate service upon defendant Joseph Katanga via Security Resources and its counsel, and denied plaintiff's motion for an order to subpoena the surveillance video, unanimously affirmed, without costs.
Defendant Security Resources (defendant) timely moved to dismiss the complaint (see CPLR 3012[a], 3211[e]). Plaintiff's denial of receipt of service is insufficient to rebut the presumption of proper service created by the affidavit of service (Ocwen Loan Servicing, LLC v Ali, 180 AD3d 591 [1st Dept 2020]).
On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must "determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). However, where the court considers extrinsic evidence to remedy any defect in the pleading, "the criterion is whether the plaintiff has a cause of action, not whether he has stated one" (id.; see Biondi v Beekman Hill House Apt. Corp., 257 AD2d 76, 81 [1st Dept 1999], affd 94 NY2d 659 [2000]).
New York "neither recognizes a tort for wrongful discharge nor requires good faith in an at-will employment relationship" (Matter of De Petris v Union Settlement Assn., 86 NY2d 406, 410 [1995], citing Murphy v American Home Prods. Corp., 58 NY2d 293 [1983]), and defendant's written policies on use of force and willful misconduct submitted in opposition to defendant's motion to dismiss are insufficient to limit defendant's right to terminate plaintiff's employment (see Sabetay v Sterling Drug, 69 NY2d 329, 336 [1987]). Plaintiff's contention that he was constructively discharged is unavailing as the complaint does not allege he resigned, but that defendants terminated his employment, and in any event his discharge was not actionable (see Morris v Schroeder Capital Mgt. Intl., 7 NY3d 616, 621 [2006]).
The intentional infliction of emotional distress claim fails because plaintiff failed to allege any conduct so outrageous in character and extreme in degree to go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community, particularly here where "plaintiff should not be allowed to subvert the traditional at-will contract rule by casting his cause of action in terms of a tort of intentional infliction of emotional distress" (Murphy, 58 NY2d at 303; see also Wilson v DiCaprio, 278 AD2d 25, 26 [1st Dept 2000]).
Plaintiff's defamation claim fails because plaintiff fails to allege one allegedly defamatory statement was published to a third-party, an essential element of a defamation claim (Stepanov v Dow Jones & Co., Inc., 120 AD3d 28, 34 [1st Dept 2014]), and the second alleged defamatory statement between defendants' employees regarding his conduct at work is protected by a qualified privilege (see Williams v Varig Brazilian Airlines, 169 AD2d 434, 438 [1st Dept 1991], lv denied 78 NY2d 854 [1991]; see also Present v Avon Prods.., 253 AD2d 183, 187-188 [1st Dept 1999], lv dismissed 93 NY2d 1032 [1999]).
Plaintiff's claims against defendant sounding in negligence are barred by the Workers' Compensation Law (see Velasquez-Spillers v Infinity Broadcasting Corp., 51 AD3d 427, 427-428 [1st Dept 2008]; Thomas v Northeast Theatre Corp., 51 AD3d 588, 589 [1st Dept 2008]). Further, plaintiff failed to allege in non-conclusory terms that the individual defendant was acting within the scope of his employment, in furtherance of defendant's interest, or at defendant's direction when he allegedly assaulted plaintiff. Accordingly, the complaint fails to state a claim against defendant for assault or battery (see Velasquez-Spillers, 51 AD3d at 427-428).
On this record, Supreme Court correctly determined that the individual defendant was never served with the complaint and denied plaintiff's motion for
alternate service. In light of the foregoing, plaintiff's motions seeking discovery are moot, as Supreme Court determined.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2020