Hinkson v New York-Presbyt. Queens (2025 NY Slip Op 07095)

Hinkson v New York-Presbyt. Queens

2025 NY Slip Op 07095

Decided on December 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 18, 2025

Before: Kern, J.P., Scarpulla, Friedman, Shulman, JJ. 

Index No. 153104/18|Appeal No. 5428|Case No. 2024-01885|

[*1]Ebony Hinkson, etc., et al., Plaintiffs-Respondents, Drew Guadalupe, Plaintiff,
v
New York-Presbyterian Queens et al., Defendants, The City of New York et al., Defendants-Appellants.

Muriel Goode-Trufant, Corporation Counsel, New York (Janet L. Zaleon of counsel), for appellants.
Gentile & Associates, New York (Laura Gentile of counsel), for respondents.

Order, Supreme Court, New York County (Judith N. McMahon, J.), entered February 14, 2024, which, insofar as appealed from as limited by the briefs, denied defendants The City of New York and FDNY EMS's motion to dismiss the complaint pursuant to CPLR 3211(a)(7) or, in the alternative, for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
The medical malpractice claim should have been dismissed as against defendants The City of New York and FDNY EMS (the City Defendants) based on the absence of a special duty (see generally Ferreira v City of Binghamton, 38 NY3d 298, 304, 308-316 [2022]; Applewhite v Accuhealth, Inc., 21 NY3d 420, 425-431 [2013]). Because the loss of services claim is derivative of the medical malpractice claim, it cannot survive independently (see Velasquez-Spillers v Infinity Broadcasting Corp., 51 AD3d 427, 428 [1st Dept 2008]; Paisley v Coin Device Corp., 5 AD3d 748, 750 [2d Dept 2004]).
Plaintiff failed to sufficiently allege a special duty. Plaintiff did not address the special duty elements in her notice of claim or her original bills of particular, and the special duty allegations in her complaint were conclusory and devoid of any facts suggesting that the City Defendants voluntarily assumed a special duty to the infant decedent or that the decedent's caretakers justifiably relied thereon, and were thus insufficient to give the City Defendants notice of the basis for any alleged special duty (see CPLR 3013; Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141-142 [2017]). The document submitted by plaintiff in opposition to the City Defendants' motion is not properly considered because, although styled as a "supplemental" bill of particulars, it was in fact an amended bill of particulars that was improperly served post-note of issue and without leave of court (see CPLR 3042[b]; 3043[b]; Stovall v Lenox Hill Hosp., 200 AD3d 570, 571 [1st Dept 2021]; Gaisor v Gregory Madison Ave., LLC, 13 AD3d 58, 59-60 [1st Dept 2004]).
Although the evidence submitted in connection with plaintiff's opposition to summary judgment may be used to cure defects in the pleadings (see Leon v Martinez, 84 NY2d 83, 88 [1994]; Betancourt v City of New York, 237 AD3d 597, 598 [1st Dept 2025]), this evidence does not demonstrate a basis for a special duty or the existence of triable issues of fact with respect thereto.
To establish the requisite "assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured" (see Applewhite, 21 NY3d at 430), plaintiff relies solely on the 911 operator's purported assurance to the decedent's grandmother that an ambulance was on its way; the grandmother does not claim to have received any additional assurances from the FDNY paramedics themselves. It is not enough that they arrived and provided treatment because that is what emergency responders do for any member of the public (see Estate of Kyle A. v New York City Hous. Auth., 181 AD3d 492, 493 [1st Dept 2020]). Even ignoring any purported inconsistencies between the grandmother's deposition testimony and her summary judgment opposition affidavit with respect to what the 911 operator said, any special duty created by the 911 operator's purported assurance that the ambulance was on its way was fulfilled when the first ambulance (operated by defendant New York-Presbyterian d/b/a New York Presbyterian EMS [NYP-EMS]) arrived five minutes later.
Plaintiff does not claim that the 911 operator promised that the ambulance would be capable of rendering advanced life support (ALS) rather than basic life support or that it would be operated by the FDNY as opposed to some other provider. The 911 operator at any rate also dispatched an FDNY ALS ambulance at the same time; it was just farther away and took longer (14 minutes) to arrive. Plaintiff does not claim that there was anything negligent about the amount of time it took the FDNY ambulance to arrive, challenging only the NYP-EMS ambulance's delay of transport (for which the City is not responsible) (see Brown v Transcare N.Y., Inc., 27 AD3d 350, 351 [1st Dept 2006]), and the FDNY paramedics' failure to properly intubate the decedent (which had nothing to do with their time of arrival). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 18, 2025