■ JOHN J. KOBELSKI, JR., Respondent, v PERMANENT MISSION OF THE FEDERAL REPUBLIC OF GERMANY TO THE UNITED NATIONS, Appellant.—Order of the Supreme Court, New York County, entered July 18, 1975, which denied defendant's motion to dismiss the complaint on the ground of lack of *in personam* jurisdiction, unanimously reversed, on the law, without costs and disbursements, and the motion granted. Plaintiff initiated the instant action to recover damages for personal injuries allegedly sustained when he was struck by a motor vehicle owned by the defendant and operated by an unknown person on December 12, 1974. The Ambassador of the Federal Republic of Germany to the United Nations submitted his affidavit on behalf of defendant's motion to dismiss the complaint wherein he declares that "(f)or reasons of general policy the Government of the Federal Republic of Germany, through its Permanent Mission to the United Nations wishes to exercise its right to claim sovereign immunity in regard to the civil action initiated by the plaintiff herein * * * At the time of the incident alleged in the plaintiff's complaint, this motor vehicle was being operated by my chauffeur in his usual course of duties * * * under official orders and instructions to drive to the United Nations to pick up my wife * * * In view of the foregoing, the Government of the Federal Republic of Germany, through its Ambassador and [defendant] wishes to exercise its diplomatic immunity in this action based upon well-established principles of international law and comity." The named defendant is not a diplomatic envoy from a foreign government to the United Nations, recognized as such by the executive in its conduct of foreign affairs; is not the personal representative of a foreign government in or to the United Nations, designated by such United Nations' member as its principal resident representative to the United Nations or as a resident member with the rank of ambassador; is not a person on the staff of the delegation of a foreign government in or to the United Nations; is not a domestic servant of any such diplomatic envoy, personal representative or ambassador and is not an officer or employee of the United Nations. The named defendant is the Permanent Mission of the Federal Republic of Germany to the United Nations and it is the status of this defendant which is controlling. Reason and pragmatic considerations dictate that as an entity, the mission must be regarded as a diplomatic extension of the Federal Republic of Germany, a sovereign nation which has not given its consent to be sued. In *Hellenic Lines v Moore* (345 F2d 978, 982), the United States Department of State advised that " 'The establishment by one country of a diplomatic mission in the territory of another does not implicitly or explicitly empower that mission to act as agent of the sending state for the purpose of accepting service of process.' " Parenthetically, it is noted that plaintiff has not requested the State Department to

ascertain under diplomatic practice the effect of service in this type of case regarding the issues of sovereign and diplomatic immunities and the consequences relevant to diplomatic relations and the performance of diplomatic duties (cf. *Hellenic Lines v Moore, supra).* Although the basic suit herein names, in effect, the ambassador's sending state rather than himself, we must consider whether the ambassador is entitled to immunity from personal service. This is necessitated in part by plaintiff's claim that the doctrine of sovereign immunity does not attach when a claim arises out of private acts of a sovereign. A United States treaty with the United Nations, popularly known as the "United Nations Participation Act of 1945" (US Code, tit 22, § 287 *et seq.)* includes an agreement, section 15 of article V of which provides that "[e] every person designated by a [United Nations] Member as the principal * * * representative to the United Nations of such Member or as a resident member with the rank of ambassador * * * shall, whether residing inside or outside the headquarters district, be entitled in the territory of the United States to the same privileges and immunities * * * as it accords to diplomatic envoys accredited to it." The ambassador herein patently comes within the embrace of the above provision and is entitled to the broad diplomatic privileges and immunities enjoyed by diplomatic envoys accredited to the United States. As such, he is entitled to immunity from personal service under the circumstances herein where he has indicated his unwillingness to accept service (see *United States ex rel. Casanova v Fitzpatrick,* 214 F Supp 425). Although full diplomatic immunity is accorded the ambassador, "[a]s to [his] staff members, pending agreement by the United States * * * which would entitle them to diplomatic immunity, there is available under the International Organizations Immunities Act the immunity necessary for the independent exercise of their functions, apart from Article 105 of the [United Nations] Charter, if in fact it is self-executing" *(United States ex rel. Casanova v Fitzpatrick, supra,* p 436). As the chauffeur has not been named as a defendant or otherwise been made a party to the instant suit, we need not concern ourselves with the issue of immunity claimed on his behalf by the ambassador. Accordingly, it is concluded that jurisdiction has not been obtained over the named defendant. Concur—Markewich, J. P., Lupiano, Silverman, Lane and Yesawich, JJ.