■ LAUREANO S. BEATO, Appellant, v PAKISTAN EMBASSY et al., Respondents. [754 NYS2d 633] —Order, Supreme Court, New York County (Milton Tingling, J.), entered on or about May 8, 2002, which granted defendants' motion for summary judgment dismissing the complaint on the ground of diplomatic immunity, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Defendants in this personal injury action, which arose from a traffic accident, are clearly subject to the jurisdiction of our

courts pursuant to the "tortious act" exception set out in the Foreign Sovereign Immunities Act of 1976 (28 USC § 1605 [a] [5]; *Foxworth v Permanent Mission of Republic of Uganda to United Nations*, 796 F Supp 761, 764). The statute's legislative history notes that section 1605 (a) (5) "is directed primarily at the problem of traffic accidents" (HR Rep No. 1487, 94th Cong, 2d Sess, 20). The authorities cited by the motion court, *Castaldo v Migay Trucking Corp.* (61 AD2d 772) and *Kobelski v Permanent Mission of Fed. Republic of Germany to United Nations* (54 AD2d 867), are inapposite as not only distinguishable on the facts but also, *Kobelski* was decided prior to the effective date of the statute, January 19, 1977. Concur—Mazzarelli, J.P., Buckley, Williams, Friedman and Marlow, JJ.