■ BETH CATHERS et al., Respondents, v BRUCE BARNES et al., Appellants. [779 NYS2d 477]—Order, Supreme Court, New York County (Helen E. Freedman, J.), entered December 24, 2003, which denied defendants' motion to vacate the note of issue, unanimously affirmed, with costs. Order, same court and Justice, entered March 2, 2004, which denied defendants' motion to compel discovery, unanimously affirmed, with costs.

In this action for breach of contract and for goods sold and accepted, defendants' motion to vacate the note of issue was denied because discovery was completed (*compare Ortiz v Arias*, 285 AD2d 390 [2001]), and the note had been filed in conformity with prior scheduling orders. The IAS court had limited discovery to transactions specified in the amended complaint, and ruled that claims set forth as affirmative defenses that were the subject of claims in defendants' own affirmative action (*Barnes v Cathers*, NY County Index No. 600241/02) should be heard in the *Barnes* case. This was a proper exercise of the court's broad discretion to supervise discovery, and should not be disturbed absent a demonstration of abuse (*see Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 1 AD3d 223 [2003]).

All the issues raised on defendants' motion to compel discovery were heard and determined by the motion court at the status conference on September 9, 2003, which culminated in an order entered on October 14. Plaintiffs complied with the directives of that order, responded to defendants' requests for production of documents, and were deposed at length. On this record, there is no basis for any claim that plaintiffs either wrongfully withheld documents from discovery or improperly refused to answer questions at deposition. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Lerner and Friedman, JJ.