■ KYE PO CHOI, Appellant, v Q.R. DEVELOPMENT CORP. et al., Respondents, et al., Defendants. [793 NYS2d 158]—In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Schulman, J.), dated April 27, 2004, which denied his motion for leave to enter a judgment against the defendants Q.R. Development Corp. and Jason W. Lee upon their default in appearing or answering or, in the alternative, for a hearing to determine the validity of service of process.

Ordered that the order is affirmed, with costs.

This appeal involves the plaintiff's second motion for leave to enter a judgment against the defendants Q.R. Development Corp. and Jason W. Lee (hereinafter the defendants), upon their default in appearing or answering. In response to the plaintiff's first motion, the Supreme Court ordered a hearing to determine the validity of service of process. At the hearing, the Supreme Court granted the defendants' applications to dismiss the complaint insofar as asserted against them on the ground of improper service. The plaintiff did not appeal from those dismissals. Instead, the plaintiff moved again for leave to enter a judgment against the defendants upon their default in appearing or answering or, in the alternative, for a hearing to determine the validity of service of process.

The Supreme Court's first determination was the law of the case. Therefore, the Supreme Court properly denied the plaintiff's second motion, which sought relief in all material respects identical to the relief that plaintiff sought with his first, unsuccessful motion (*see Haibi v Haibi,* 171 AD2d 842 [1991]; *Baron v Baron,* 128 AD2d 821 [1987]).

The plaintiff's remaining contentions either are unpreserved for appellate review or without merit. H. Miller, J.P., S. Miller, Goldstein, Mastro and Lifson, JJ., concur.