■ HERBERT MOREIRA-BROWN, Appellant, v CITY OF NEW YORK et al., Respondents. [896 NYS2d 353]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered July 21, 2008, which granted defendants' cross motion to dismiss the complaint and denied as moot plaintiff's motion to restore the action to the calendar, unanimously reversed, on the law, without costs, the cross motion denied, the motion granted, the complaint reinstated, and the action remanded for further proceedings.

In this action for defamation and emotional distress, the verified complaint alleges that on or about September 12, 1998, defendant Police Detective Raymond Rivera, acting as agent for his codefendants, made written and verbal defamatory statements that plaintiff "had committed rape and sexual assault and was being sought by the police for arrest and prosecution [for] rape and sexual assault." These words were not demarcated as a quotation in the complaint. Dismissing the complaint, the motion court held that plaintiff had not complied with CPLR 3016 (a) because the complaint "does not set forth the particular words alleged to be defamatory."

While a complaint alleging defamation must allege the particular spoken or published words on which the claim is based, the words need not be set in quotation marks (see John Langenbacher Co. v Tolksdorf, 199 AD2d 64 [1993]). When construed in the light most favorable to plaintiff, the complaint alleges that Detective Rivera specifically stated that plaintiff "had committed rape and sexual assault," and "was being sought by the police for arrest and prosecution" for those crimes. This allegation is sufficient to meet the requirements of CPLR 3016 (a). Concur—Andrias, J.P., Saxe, Sweeny and Freedman, JJ.