■ WILLIAM GLAZIER et al., Respondents, v LYNDON HARRIS et al., Appellants, et al., Defendants. [944 NYS2d 75]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered March 1, 2011, which, to the extent appealed from, denied defendants Lyndon Harris, Lee Wesley, and St. John's Lutheran Church's motion to dismiss the causes of action for defamation as against them, unanimously modified, on the law, to grant the motion as to Wesley, and otherwise affirmed, without costs.

The complaint states a cause of action for defamation as against defendants Harris and St. John's Lutheran Church since it is pleaded with the required specificity (CPLR 3016 [a]), identifying "the particular words that were said, who said them and who heard them, when the speaker said them, and where the words were spoken" (Amaranth LLC v J.P. Morgan Chase &

*Co.*, 71 AD3d 40, 48 [2009], *lv dismissed in part and denied in part* 14 NY3d 736 [2010]). That every alleged defamatory statement set forth in the complaint is not enclosed in quotation marks does not, without more, render the complaint defective (*see Moreira-Brown v City of New York*, 71 AD3d 530 [2010]).

The challenged statements are actionable as "mixed opinions," since they imply that the opinions are based upon facts unknown to the church council members who heard the statements (*see Guerrero v Carva*, 10 AD3d 105, 112 [2004]). In the context of the entire publication, the unmistakable import of Harris's statements is that plaintiffs engaged in inappropriate conduct, essentially amounting to exerting undue influence over a parishioner and stealing from the church, and accordingly cannot be trusted.

The alleged defamatory statements constitute slander per se, since they impugn plaintiffs' reputations in their trade, business or profession, and therefore special damages need not be alleged or proven (*see Liberman v Gelstein*, 80 NY2d 429, 434-435 [1992]).

The complaint fails, however, to state a cause of action for defamation as against Wesley, since it does not set forth *"in haec verba* the particular defamatory words claimed to have been uttered by [him]" (*see Gardner v Alexander Rent-A-Car*, 28 AD2d 667 [1967]). The only allegedly defamatory statements attributed to Wesley are that "he had been present with defendant[ ] Harris, during [a] visit to Ms. Lilli Jaffe's residence," and that "plaintiffs had been visiting Ms. Jaffe and taking care of her to the exclusion of other parties such as himself." Neither of these statements is actionable. Plaintiffs otherwise allege that Wesley "confirmed" Harris's statements to the council members at the retreat. Contrary to plaintiffs' contention, there is no basis for waiting for discovery to learn the particular words that they failed to plead (*see BCRE 230 Riverside LLC v Fuchs*, 59 AD3d 282, 283 [2009]). Concur—Mazzarelli, J.P., Saxe, Moskowitz, Renwick and Freedman, JJ.