■ INGRID SANTANA, Appellant, v CITY OF NEW YORK, Respondent. [953 NYS2d 204]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered May 12, 2011, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff argues that the City has a nondelegable duty to transport homeless families from intake facilities to temporary overnight shelters. She relies on Administrative Code of City of NY § 21-313, which requires the Department of Homeless Services (DHS) to maintain a facility to handle applications for shelter from families with children, to provide temporary overnight shelter placement for those families that, at 10:00 p.m., are still in the process of applying, and to "arrange transportation for the families" to and from the temporary shelters.

We perceive no legislative intent on the face of Administrative Code § 21-313 to impose a nondelegable duty to transport on the City. The language "shall arrange transportation for the families" establishes that the DHS is not required to transport the families itself, and, in contrast with legislation that has been found to impose a nondelegable duty, the provision contains no language making the City liable for injury resulting from breach of the duty. For example, Multiple Dwelling Law § 78 (1), which requires that every multiple dwelling be kept in good repair, provides that "[t]he owner shall be responsible for compliance with the provisions of this section" (see *Mas v Two Bridges Assoc.*, 75 NY2d 680, 687-688 [1990] ["a party injured by the owner's failure to fulfill it may recover from the owner even though the responsibility for maintenance has been transferred to another"]). Administrative Code § 7-210, which requires the owner of real property abutting a sidewalk to maintain the sidewalk in reasonably safe condition, provides that the owner "shall be liable for any injury to property or personal injury . . . caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition" (Administrative Code § 7-210 [b]; see *Cook v Consolidated Edison Co. of NY, Inc.*, 51 AD3d 447, 448 [1st Dept 2008]).

Plaintiff argues that the imposition of a nondelegable duty is also required by the "affirmative governmental obligation" to provide emergency shelter to homeless families (see *Barnes v Koch*, 136 Misc 2d 96, 100 [Sup Ct, NY County 1987]). However, courts have declined to impose vicarious liability on government

entities that delegate transportation duties in the fulfilment of analogous obligations, such as the obligation to provide education (*see Chainani v Board of Educ. of City of N.Y.*, 87 NY2d 370 [1995] [declining to impose upon public school districts a nondelegable duty to transport children to and from school]) and the obligation to care for patients (*see Hilsen v City of New York*, 254 AD2d 10 [1st Dept 1998], *lv denied* 92 NY2d 817 [1998] [declining to hold municipal emergency ambulance service vicariously liable for injury allegedly resulting from negligence of private hospital's paramedics]; *see also Brown v Transcare N.Y., Inc.*, 27 AD3d 350, 351 [1st Dept 2006]). Thus, we do not find that the public policy of obligating the City to provide emergency shelter to homeless families, however salutary, requires the imposition of a nondelegable duty on the City to transport the families to and from the temporary shelters. Concur—Mazzarelli, J.P., Friedman, Catterson and Renwick, JJ.