Order, Supreme Court, New York County (Eileen Bransten, J.), entered May 30, 2012, which, to the extent appealed from as limited by the briefs, granted defendants’ motion for summary judgment dismissing the remaining claims in the 2008 action, granted defendants’ motion for sanctions to the extent of holding plaintiffs in civil contempt, granted in part defendants’ motion to dismiss in the 2011 action the causes of action for breach of contract, tortious interference with prospective business relations, and unfair competition, and denied defendants’ motion to dismiss those claims, as well as the defamation per se cause of *476 action, in their entirety, unanimously modified, on the law, to the extent of dismissing the tortious interference and unfair competition claims concerning BTX UMW and Paragon Outcomes, and otherwise affirmed, without costs. Judgment, same court and Justice, entered June 20, 2012, dismissing the complaint in the 2008 action and awarding defendants $490 in costs and disbursements, unanimously affirmed, without costs. Order, same court and Justice, entered April 30, 2012, which denied plaintiffs’ motion to vacate the note of issue and certificate of readiness in the 2008 action, unanimously affirmed, without costs.
In 2006, plaintiff Stephen H. Deckoff bought out the ownership interests of defendant James J. Zenni, Jr. in defendant Black Diamond Capital Management, L.L.C. (BDCM), an alternative asset management firm, pursuant to a Membership Interest Redemption Agreement (MIRA). Anticipating that Zenni would establish a competing asset management fund, the MIRA set forth the parameters under which Zenni could compete with BDCM, including parameters relating to Zenni’s promotion of his role in BDCM’s success.
With respect to the claims in the 2008 action, the court correctly found that defendants did not breach section 25 (b) of the MIRA by distributing marketing materials to potential investors that referenced BDCM’s performance track record (PTR) without having provided plaintiffs with copies of relevant portions in advance of publication. Under section 25 (b), Zenni’s marketing and related materials could “utilize” in “whatever form [he] chooses,” BDCM’s PTR of all funds and investment vehicles, provided that Zenni not “change or modify any of the information contained within [the PTR]” and that he deliver to BDCM a copy of the specific portion of any material containing or referencing the PTR prior to his publication of the material. Defendants substantially complied with section 25 (b), and any failure to provide advance copies of the additional portions of the marketing materials cited by plaintiffs does not give rise to a breach of contract claim, since most of the material was either backup material that defendants were allowed to disclose without advance clearance, or otherwise did not contain or reference the PTR. To the extent portions of the marketing materials referencing gross realized internal rates of return contained or referenced the PTR but were not disclosed in advance, this de minimis failure to comply with the MIRA is insufficient to support a cause of action for an injunction or damages. Nor did any of the marketing materials cited by plaintiffs, including those referencing investment multiples, “change or modify any of the information contained within” the PTR.
*477 The court also correctly concluded that defendants did not breach section 31 of the MIRA by disclosing confidential information. Defendants established a prima facie case for summary judgment based on affidavits asserting that all of the information disclosed in the marketing reports came from sources that were not confidential under the MIRA, such as Zenni’s own accumulated knowledge, and plaintiffs failed to raise a triable issue of fact. Even if defendants’ use of information relating to the imminent sale of a company, which was apparently disclosed to them by an investment bank contractually obligated to keep the information confidential, did not fit within an exception to the MIRA, this disclosure does not support a breach of contract claim because there is no evidence that it caused plaintiffs any damage.
The court correctly dismissed the claim brought under Delaware’s Uniform Deceptive Trade Practices Act (Del Code Ann, tit 6) § 2532 (a) (2) and (3). Those subsections only address claims where there is a likelihood of confusion caused by the use of trademarks or similar marks, or misleading trade names (see Delaware Solid Waste Auth. v Eastern Shore Envtl., Inc., 2002 WL 537691, *5, 2002 Del Ch LEXIS 34, *18 [Mar. 28, 2002, No. Civ-A-1472-K]), which is not alleged here. The claims under subsections (a) (5), (8) and (12) also fail to the extent they are based on the same evidence that was insufficient to support the breach of contract claims, and because plaintiffs did not establish any issue of fact as to whether the alleged disclosures created a likelihood of confusion or damages.
The court properly held plaintiffs in civil contempt for violating a confidentiality order, which clearly expressed an unequivocal mandate, thereby prejudicing defendants (see Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983]).
The court properly denied the motion to vacate the note of issue and certificate of readiness in the 2008 action, since there was no outstanding discovery (see Cathers v Barnes, 8 AD3d 215, 215 [1st Dept 2004]). To the extent plaintiff had filed a pending application to compel production and extend the discovery cutoff date, the court denied the motion and held that discovery was closed. There is no basis to disturb the court’s determination (id.).
With respect to the claims in the 2011 action, the court correctly dismissed plaintiffs’ cause of action for breach of the nondisparagement clause in section 33 of the MIRA with respect to three potential investors (BTV UMW and Paragon Outcomes). The complaint failed to specify what disparaging statements were in the marketing materials sent to these inves *478 tors, and. alleged only that these investors came away with a particular impression that led them not to invest with plaintiffs. The court properly dismissed the claims with respect to two other companies (Portfolio Advisors and NEPC), because plaintiffs failed to allege damages (see generally VLIW Tech., LLC v Hewlett-Packard Co., 840 A2d 606, 612 [Del Sup Ct 2003]). Indeed, both companies invested in plaintiffs’ funds despite reviewing the allegedly disparaging materials.
The court properly sustained the breach of contract cause of action with respect to the claim against Quartilium. In that case, the complaint specified the disparaging statements defendants allegedly made to the potential investor, and alleged that the company did not invest in BDCM as a result. The court also properly sustained the slander per se claims relating to defendants’ alleged statement to two other potential investors that plaintiffs were being investigated by the SEC for insider trading. Plaintiffs’ allegations were sufficiently specific (see Glazier v Harris, 99 AD3d 403, 404 [1st Dept 2012]), and the alleged statement could adversely affect plaintiffs in their trade, business or profession (see Macklem v Pearl, 2011 WL 2200037, *4, 2011 US Dist LEXIS 61287, *9 [ND Ill, May 31, 2011, No. 10-C-830]).
The court, however, erred to the extent it sustained the tortious interference with prospective business relations and unfair competition claims with respect to BT\f UMW and Paragon Outcomes. Plaintiffs failed to allege any conduct that was actionable on a basis independent of the interference claim (see Commerce Natl. Ins. Servs., Inc. v Buchler, 120 Fed Appx 414, 419 [3d Cir 2004]). Indeed, as noted above, plaintiffs failed to identify any disparaging statements made to these investors. The court properly dismissed these claims with respect to Quartilium, given that plaintiffs offered only a vague and conclusory allegation that BDCM had a reasonable probability of a business relationship with this company (see Vigoda v DCA Prods. Plus, 293 AD2d 265, 266 [1st Dept 2002]; see also Agilent Tech., Inc. v Kirkland, 2009 WL 119865, *7, 2009 Del Ch LEXIS 11, *19-21 [Del Ch Ct, Jan. 20, 2009, No. 3512-VCS]).
We have considered the parties’ remaining arguments for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Manzanet-Daniels, Roman and Clark, JJ.