■ BDCM Fund Adviser, L.L.C., Formerly Known as Black Diamond Capital Management, L.L.C., et al., Appellants/ Counterclaim Defendants-Appellants, v James J. Zenni, Jr., et al., Defendants/Counterclaim Plaintiffs-Respondents. [966 NYS2d 40]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered November 26, 2012, which granted defendant-counterclaim plaintiffs James J. Zenni, Jr., Zenni Holdings, LLC, Z Capital Partners, LLC, Z Capital Special Situations Fund, LP and Z Capital Special Situations Fund-A, LP and James J. Zenni, Jr., Zenni Holdings, LLC, Z Capital Partners, LLC, Z Capital Special Situations Fund, LP's motion for partial summary judgment on their counterclaim for carried interest payments and related pre-judgment interest, and denied plaintiffs-counterclaim defendants BDCM Fund Adviser, LLC, formerly known as Black Diamond Capital Management, LLC; Black Diamond Capital Holdings; LLC and Stephen H. Deckoff's motion for set-offs for certain taxes paid by plaintiffs, unanimously affirmed, with costs.

The motion court properly determined that defendants' counterclaim for carried interest was ripe for review following the dismissal of plaintiffs' 2008 lawsuit, affirmed by this Court (*see BDCM Fund Adviser, L.L.C. v Zenni*, 103 AD3d 475 [1st Dept 2013]). The fact that this Court left extant one breach of contract claim in plaintiffs' later, 2011 lawsuit, does not preclude the motion court's grant of summary judgment to defendants on their counterclaims in the 2008 lawsuit. Moreover, the law of the case doctrine, which "addresses the potentially preclusive effect of judicial determinations made in the course of a single litigation before final judgment" (*People v Evans*, 94 NY2d 499, 502 [2000] [emphasis omitted]), is inapplicable because the 2011 lawsuit was a separate action.

The motion court properly interpreted the provision of the parties' contract used to calculate defendants' carried interest payments. Because that clause is unambiguous, the motion court properly declined to entertain plaintiffs' presentation of extrinsic evidence (*Banco Espírito Santo, S.A. v Concessionária Do Rodoanel Oeste S.A.*, 100 AD3d 100, 106 [1st Dept 2012]).

Finally, the motion court properly declined to entertain plaintiffs' 11th hour tax set-off claims where, as here, the set-offs were never previously requested; were not quantified; and were never proven to have actually been paid.

We have considered the parties' remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Friedman, Moskowitz and Feinman, JJ.