OPINION OF THE COURT
Lucy Billings, J.
Defendants Permanent Mission of Romania to the United Nations and Romania have moved for summary judgment dismissing plaintiff Weason’s action seeking damages for personal injuries (CPLR 3212 [b]). Weason claims that she was injured on May 31, 2010 when she tripped on a hole in the sidewalk in front of defendant Mission at 573-577 Third Avenue, New York County, causing her to fall. She further claims that defendants, as the owners of the abutting building, are liable to her because under Administrative Code of the City of New York § 7-210 they bore a nondelegable duty to maintain the sidewalk adjoining the Mission in a reasonably safe condition and negligently failed to do so. The Romania defendants do not deny the hole in the sidewalk or that the condition was unsafe, but based on diplomatic immunity under the federal Foreign Sovereign Immunities Act of 1976 (28 USC, ch 97, § 1602 et seq.) deny any duty to repair the hole.
Administrative Code § 7-210 provides:
“a. It shall be the duty of the owner of real property abutting any sidewalk ... to maintain such sidewalk in a reasonably safe condition.
“b. Notwithstanding any other provision of law, the owner of real property abutting any sidewalk . . . shall be liable for any injury to property or personal injury, including death, proximately caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition. Failure to maintain such sidewalk in a reasonably safe condition shall include, but not be limited to, the negligent failure to install, construct, reconstruct, repave, repair or replace defective sidewalk flags and the negligent failure to remove snow, ice, dirt or other material from the sidewalk. . . .
“c. Notwithstanding any other provision of law, the city shall not be liable for any injury to property or *782 personal injury, including death, proximately caused by the failure to maintain sidewalks ... in a reasonably safe condition.”
The Administrative Code, on its face, does not make any exception or otherwise address these provisions’ effect on real property owners entitled to diplomatic immunity from their enforcement, despite the United Nations Headquarters’ long-standing presence in New York City that has led and is likely to lead to foreign governments’ ownership of real estate in the City. This ownership in turn has led and is likely to lead to issues regarding the viability of claims against these real property owners for injury to persons or other property.
I. Procedural and Factual Background
Plaintiff originally sued the City of New York as a defendant in this action. Upon a prior motion for summary judgment, the court (Engoron, J.), on April 25, 2012, granted the City of New York summary judgment dismissing the action against the City (CPLR 3212 [b]). Justice Engoron ruled that “whether or not the City had notice of a defect at the location is irrelevant where, as here, § 7-210 of the Administrative Code applies and the City has not made special use of the sidewalk nor caused or created the condition complained of’ (Edinburgh aff, exhibit J). Justice Engoron did not address the status of Romania or its Mission or Weason’s claim against them. His decision, to the extent of the City’s responsibility, is nevertheless law of the case, with the implicit consequence that Weason either may recover against the Romania defendants or not recover at all (People v Evans, 94 NY2d 499, 503 [2000]; Dukett v Wilson, 31 AD3d 865, 868-869 [3d Dept 2006]; Brownrigg v New York City Hous. Auth., 29 AD3d 721, 722 [2d Dept 2006]; Kye Po Choi v Q.R. Dev. Corp., 17 AD3d 538 [2d Dept 2005]; see BDCM Fund Adviser, L.L.C. v Zenni, 106 AD3d 596, 597 [1st Dept 2013]; Chappelear v Dollar Rent-A-Car Sys., Inc., 33 AD3d 513 [1st Dept 2006]).
Before Weason’s fall on May 31, 2010, the New York City Department of Buildings (DOB) had served a notice of violation on defendant Mission, pursuant to Administrative Code § 7-210, requiring the Mission, as the abutting property owner, to repair the sidewalk. Defendant Mission consulted with the government of Romania in Bucharest, which advised the Mission that, based on its diplomatic immunity under the Vienna Convention on Diplomatic Relations (Edinburgh aff, exhibit P), the Mission was exempt from any obligation to repair a New York City sidewalk. Defendant Mission, however, did not advise DOB or *783 the City of Romania’s position, leaving the need and the responsibility for repair of the sidewalk abutting the Mission unaddressed.
II. Diplomatic Immunity
Plaintiff and the remaining defendants agree that USAA Cas. Ins. Co. v Permanent Mission of Republic of Namibia (681 F3d 103 [2d Cir 2012]) is dispositive of the legal issues defendants’ motion presents. That decision addressed the liability under the tortious activity exception of the Foreign Sovereign Immunities Act (28 USC, ch 97, § 1602 et seq.) of a foreign diplomatic mission, as a landowner in New York City, for property damage caused by the defendant mission’s failure to comply with a duty imposed by the New York City Building Code. The tortious activity exception provides that
“[a] foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case . . .
“(5) ... in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; except this paragraph shall not apply to . . .
“(A) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused” (28 USC § 1605 [a] [emphasis added]).
Here, the undisputed evidence defendant Mission presents, that Mission officials reached the decision that the Mission not assume responsibility for the sidewalk repair through the officials’ consultation with the Romanian government in Romania, leaves no question that the officials reached the decision while acting in the scope of their employment. This decision not to undertake repair of the sidewalk hole, despite DOB’s notice to do so, which breached defendants’ nondiscretionary duty required by Administrative Code § 7-210, tortiously caused the injury Weason alleges (Beato v Pakistan Embassy, 301 AD2d 459, 460 [1st Dept 2003]; USAA Cas. Ins. Co. v Permanent Mission of Republic of Namibia, 681 F3d at 111; see e.g. Santana v City of New York, 100 AD3d 444 [1st Dept 2012]). Based on this *784 evidence, under 28 USC § 1605 (a), defendants, a “foreign state[,] shall not be immune” from Weason’s suit.
III. Conclusion
Consequently, the court denies the motion for summary judgment by defendants Romania and its Permanent Mission to the United Nations (CPLR 3212 [b]).