Gans v Wilbee Corp. (2021 NY Slip Op 06541)





Gans v Wilbee Corp.


2021 NY Slip Op 06541


Decided on November 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 23, 2021

Before: Acosta, P.J., Gische, Scarpulla Mendez, JJ. 


Index No. 153621/18 Appeal No. 14665 Case No. 2020-04501 

[*1]Robert M. Gans et al., Plaintiffs-Appellants,
v
Wilbee Corporation et al., Defendants, Silverstein Properties, Inc., et al., Defendants-Respondents.


Akerman LLP, New York (Joshua D. Bernstein and Jamie B. Shyman of counsel), for appellants.
Duval & Stachenfeld LLP, New York (Kirk L. Brett of counsel), for Silverstein Properties, Inc., respondent.
Olshan Frome Wolosky LLP, New York (Peter M. Sartorius of counsel), for Bedrock Real Estate Partners, LLC, respondent.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about October 16, 2020, which, insofar as appealed from as limited by the briefs, granted defendants' motions to dismiss as to the unjust enrichment claim against defendant Bedrock Real Estate Partners, LLC (Bedrock) and the tortious interference with contract and with prospective economic advantage claims against defendants Bedrock and Silverstein Properties, Inc. (Silverstein), unanimously affirmed, without costs.
The tortious interference with contract claim against Bedrock and Silverstein was properly dismissed because there was no valid contract with which to interfere — at least none to which plaintiffs were a party. The Pre-Lease Agreements were not executed by plaintiffs and the conditions for assigning them were not complied with, rendering any purported assignment null and void (see Macklowe v 42nd St. Dev. Corp., 170 AD2d 388, 389 [1st Dept 1991]). Plaintiffs' allegations were not sufficient to demonstrate a waiver — at least under the heightened standard applicable where, as here, the agreements contain a no-waiver provision (see generally Paramount Leasehold, L.P. v 43rd St. Deli, Inc, 136 AD3d 563, 568 [1st Dept 2016], lv denied 28 NY3d 1024 [2016]) — nor can the language of the Asset Contribution Agreement reasonably be read to encompass an assignment of tort claims (see Commonwealth of Pennsylvania Pub. Sch. Employees' Retirement Sys. v Morgan Stanley & Co., Inc., 25 NY3d 543, 550-551 [2015]; Sealink Funding Ltd. v Morgan Stanley, 133 AD3d 458, 458-459 [1st Dept 2015]). Because of our disposition of this issue, we need not reach the parties' arguments with respect to but-for causation or whether the agreements were terminable at will.
The tortious interference with prospective economic advantage claim against Bedrock and Silverstein was also properly dismissed. The motion court correctly found that the complaint's allegations supporting this cause of action are conclusory and that plaintiffs failed to allege that, but for Silverstein and Bedrock's conduct, plaintiffs would have restarted a business relationship with landowner defendants Wilbee Corporation, King Kullen Grocery Co., Inc., and Queensboro Farm Products, Inc. (collectively, Landowner Defendants), a relationship that the Landlord Defendants had previously terminated (see Vigoda v DCA Prods. Plus, 293 AD2d 265, 266 [1st Dept 2002] ["Tortious interference with prospective economic relations requires an allegation that plaintiff would have entered into an economic relationship but for the defendant's wrongful conduct"]).
To the extent that plaintiffs argue that the allegations in the complaint demonstrate the viability of a renewed business relationship with the Landowner Defendants, these allegations are one-sided; the complaint is devoid of allegations that the Landowner Defendants reciprocated any of plaintiffs' interest in continuing the business relationships (see BDCM Fund Adviser, L.L.C. [*2]v Zenni, 103 AD3d 475, 478 [1st Dept 2013] ["plaintiffs offered only a vague and conclusory allegation that BDCM had a reasonable probability of a business relationship with this company"]).
Finally, the unjust enrichment claim against Bedrock was also properly dismissed. To state a cause of action for unjust enrichment, plaintiffs must allege: "1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011] [internal quotation marks omitted]). "While a 'plaintiff need not be in privity with the defendant to state a claim for unjust enrichment,' there must exist a relationship or connection between the parties that is not 'too attenuated'" (Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516 [2012], quoting Sperry v Crompton Corp., 8 NY3d 204, 215-216 [2007]).
Plaintiffs argue that Bedrock was unjustly enriched by plaintiffs' efforts to advance the real estate development project — which included conceptualizing, planning, and negotiating with key stakeholders — between 2014 and 2016. However, the complaint is devoid of allegations indicating that plaintiffs were aware of Bedrock or its interests prior to May 2016.Bedrock contracted to purchase the KBA property in May 2016, after plaintiffs received their adverse 2016 zoning decision. Shortly thereafter, plaintiffs approached Bedrock to inform it and gauge its interest in participating in the project.
Plaintiffs also allege that Bedrock was provided with project-related materials to allow Bedrock to complete its due diligence in the KBA property purchase, and "upon information and belief," Bedrock agreed to keep these materials confidential. These allegations are insufficient to establish the necessary relationship between plaintiffs and Bedrock to support an unjust enrichment cause of action (see Georgia Malone & Co., Inc. v Rieder, 19 NY3d at 516).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 23, 2021