Emigrant Bank v Rosabianca (2024 NY Slip Op 51130(U))

[*1]

Emigrant Bank v Rosabianca

2024 NY Slip Op 51130(U)

Decided on July 23, 2024

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 23, 2024
Supreme Court, New York County

Emigrant Bank, as Successor-by-Merger with 
 Emigrant Savings Bank - Manhattan, Plaintiff,

against
Luigi Rosabianca, United States of America Internal Revenue Service, Carmelo Rosabianca, Vivian Rosabianca, Board of Managers of the Cipriani Club Residences, Secured Lending Corp., Francis Gibner, Deborah A. Genger, and Santo Rosabianca, Defendants.

Index No. 850136/2014

Adam Leitman Bailey, P.C., New York, NY (Colin E. Kaufman of counsel), for plaintiff. 
Law Office of Mitchell Cantor, New York, NY (Mitchell Cantor of counsel), for defendant Secured Lending Corp.

Gerald Lebovits, J.

BACKGROUND
On May 14, 2008, defendant, Luigi Rosabianca entered into an agreement with plaintiff, Emigrant Savings Bank, to borrow $1.76 million. The agreement was secured by a mortgage on a property at 55 Wall Street in Manhattan. The mortgage between Rosabianca and Emigrant was recorded in April 2012. Emigrant Bank is the successor-by-merger to Emigrant Savings Bank.
In August 2011, co-defendant Little Bay gave Rosabianca a mortgage secured by the Wall Street property. Co-defendant Secured Lending Corp. LLC (SLC) is Little Bay's successor-in-interest.
In March 2014, Emigrant sued both Rosabianca and SLC. Emigrant sued Rosabianca to foreclose the 55 Wall Street property. Emigrant sued SLC for equitable subrogation to elevate Emigrant's lien to priority status. (NYSECF No. 1.)
In May 2014, SLC answered Emigrant's equitable-subrogation complaint. SLC asserted two affirmative defenses against Emigrant: (1) SLC alleged that Emigrant could not demonstrate to SLC or this court that SLC could have had actual or constructive notice of the facts alleged by Emigrant, such that SLC's lien should take priority over Emigrant's; and (2) that Emigrant had unclean hands. SLC counterclaimed against Emigrant for fraud and collusion and cross-claimed against Rosabianca for fraud and collusion. (NYSCEF No. 19 at ¶ 2.)
In November 2021, this court dismissed SLC's affirmative defenses, counterclaim, and cross-claim. (NYSCEF No. 865 [order memorializing oral decision delivered on the record]; NYSCEF No. 897 at Tr. 14-20 [transcript of decision].) Later that month, this court vacated [*2]SLC's first and second set of interrogatories and granted Emigrant's protective order. (NYSCEF No. 876 [order memorializing oral decision delivered on the record]; NYSCEF No. 898 at Tr. 23-25 [transcript of decision].)
In November 2022, the Appellate Division, First Department, reversed this court's decision dismissing SLC's affirmative defense to Emigrant's equitable-subrogation claim. (See Emigrant Bank v Rosabianca, 210 AD3d 527, 527 [1st Dept 2022].) The First Department found that SLC's affirmative defense sufficiently stated a defense based on the priority of SLC's lien. (Id.)
After the Appellate Division reinstated SLC's affirmative defense, SLC, in December 2022, sent Emigrant a letter requesting that Emigrant respond to SLC's first and second sets of interrogatories. (NYSCEF No. 959.) In March 2023, Emigrant sent SLC a letter stating that Emigrant was not required to respond to SLC's request. Emigrant referred SLC to this court's order to vacate the first and second set of interrogatories. (NYSCEF No. 960.) Later in March 2023, SLC responded to Emigrant's letter. SLC withdrew its first and second sets of interrogatories and served a third set of interrogatories. (NYSCEF No. 961.)
SLC now moves to compel Emigrant to respond to SLC's third set of interrogatories. SLC's motion to compel is denied.

 DISCUSSION
Emigrant argues that the issues relating to SLC's third set of interrogatories have already been litigated, as the third set of interrogatories is nearly identical to SLC's first and second sets of interrogatories that this court previously vacated. (NYSCEF No. 953 at ¶ 21.) Emigrant contends that the law-of-the-case doctrine bars SLC's third set of interrogatories. (NYSCEF No. 953 at ¶ 20.) In the alternative, Emigrant argues that if the law-of-the-case doctrine does not apply to SLC's third set of interrogatories, then SLC's third set should be stricken as burdensome and irrelevant. (NYSCEF No. 953 at ¶ 25.)
SLC's third set of interrogatories seeks nearly the same information it sought in its vacated first and second sets of interrogatories. (NYSCEF No. 954 [comparison of all interrogatories].) Indeed, in seeking a response from Emigrant to the third set of interrogatories, SLC made clear that it intended its third set of interrogatories to be nearly identical to its first and second sets. (See NYSCEF No. 946 ["[SLC]'s first and second sets of interrogatories were properly re-served. . . . [SLC] has no wish to expend its own resources and waste this Court's time when [SLC] can simply serve a new set of interrogatories. . . ."].)
Ordinarily, the law-of-the-case doctrine would inhibit SLC from bringing its third set of interrogatories after this court vacated them. But this court procedurally vacated SLC's first and second sets on the ground that SLC's affirmative defenses, counterclaim, and cross-claim were dismissed. (NYSCEF No. 898 at 25 [transcript of decision].) In these circumstances, SLC's third set of interrogatories are not barred as a matter of law of the case. (See e.g. J.P. Morgan Sec., Inc. v Vigilant Ins. Co., 166 AD3d 1, 8 [1st Dept 2018] [finding that the law-of-the-case doctrine applies only when a court makes a decision on its merits, not on procedure].)
SLC contends that the First Department's reversal of this court's dismissal of SLC's first affirmative defense allows SLC to re-serve its first and second sets of interrogatories in their entirety. (NYSCEF No. 950 at 5; 961.) SLC is correct that the First Department's reversal re-opens discovery—but only within the scope of SLC's lone surviving affirmative defense. (See Smile Train, Inc. v Ferris Consulting Corp., 117 AD3d 629, 631 [1st Dept 2014] [finding that a party is not entitled to discovery relating to dismissed claims]; Cathers v Barnes, 8 AD3d 215, 215 [1st Dept 2004] [finding that the court properly limited defendant's discovery to what was related only to defendant's affirmative defense].) SLC's third set of interrogatories asks a substantial number of questions that relate to SLC's dismissed unclean-hands affirmative defense, and the dismissed fraud/collusion counterclaim. Indeed, as SLC copied or merely reworded its first and second sets of interrogatories and labeled it as its third set of interrogatories. (See NYSCEF No. 957 at 6-8 [SLC's third set of interrogatories].)
Emigrant is correct, therefore, in contending that SLC's third set of interrogatories is [*3]largely irrelevant. And to the extent that some of SLC's interrogatories in its third set might be relevant to its surviving affirmative defense, it is not the job of the court to prune through SLC's third set to determine what may be proper. (See e.g. Fox v Roman Catholic Archdiocese of NY, 202 AD3d 1061, 1062 [2d Dept 2022]; Lerner v 300 W. 17th St. Hous. Dev. Fund Corp., 232 AD2d 249, 250 [1st Dept 1996].)
Accordingly, it is
ORDERED that SLC's motion to compel is denied; and it is further
ORDERED that Emigrant and SLC appear before this court for a telephonic status conference on August 5, 2024.
DATE 7/23/2024