**Feldman v Mount**

2025 NY Slip Op 30382(U)

January 30, 2025

Supreme Court, New York County

Docket Number: Index No. 153452/2024

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**

*Justice*

-----------------------------------------------------------------------X

JACOB FELDMAN,

Plaintiff,

- v -

TYLER MOUNT, TYLER MOUNT VENTURES, LLC, HENRY STREET CREATIVE, LLC

Defendant.

-----------------------------------------------------------------------X

| PART | 33M |
|---|---|
| INDEX NO. | 153452/2024 |
| MOTION DATE | 08/20/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 16, 17, 18, 19, 20

were read on this motion to/for _____ DISMISS _____.

Upon the foregoing documents, and after a final submission date of November 19, 2024, Defendants Tyler Mount, Tyler Mount Ventures, LLC, and Henry Street Creative LLC's (collectively "Defendants") motion to dismiss[1] Plaintiff Jacob Feldman's ("Plaintiff") Complaint is granted in part and denied in part.[2]

## I. Background

In July of 2022, Plaintiff and several others formed Immersive Management and Services, LLC ("IMS") to operate the newly launched "ArtsDistrict" venue in Brooklyn, New York. Tyler Mount Ventures, LLC ("TMV") contracted with IMS to provide digital marketing services for the show LIMITLESS AI at ArtsDistrict. However, by September of 2022 IMS suspended operation of the show due to low ticket sales. By September of 2023, IMS and ArtsDistrict were forced into

---

[1] In their notice of motion, Defendants fail to state under what provision of CPLR 3211 they seek dismissal.

[2] Although the final submission date was November 19, 2024, and Plaintiff did not file opposition until December 2, 2024, this Court will consider the opposition papers in the interest of resolving the motion on the merits and because counsel for Plaintiff submitted a detailed affidavit explaining the late opposition.

**153452/2024   FELDMAN, JACOB vs. MOUNT, TYLER ET AL**
**Motion No.   001**

**Page 1 of 5**

bankruptcy. Defendants asserted IMS owed them over $180,000 in unpaid invoices and Henry Street Creative LLC obtained a default judgment against IMS.

In addition to obtaining default judgment against IMS, Mr. Mount began an online smear campaign against Plaintiff individually, claiming that Plaintiff conspired to keep using equipment without payment, engaged in fraud, alleging IMS and ArtsDistrict were part of a "clandestine scheme to siphon money," and labelling Plaintiff as an "unresponsive debtor." Mr. Mount also allegedly shared these messages with Plaintiff's alma maters, Plaintiff's contacts on Facebook, and even allegedly sent the message to Plaintiff's children's teacher. Mr. Mount has allegedly sent several e-mails to Plaintiff's employer, Nexus Academics, and Nexus Academics' clients, claiming that he obtained a default judgment personally against Plaintiff. Now, Plaintiff sues for defamation *per se*, tortious interference with existing contracts and tortious interference with prospective economic advantage, invasion of privacy and internet harassment.

## II. Discussion

### A. Defamation

In support of his motion to dismiss, Defendants argue the alleged statements are true and therefore non-actionable. However, this in and of itself is false. The debt owed Defendants is not Plaintiff's debt but a debt belonging to IMS, which is purportedly in bankruptcy, and who Henry Street Creative LLC obtained a default judgment against. Defendants cannot and have not shown that Plaintiff as an individual owed Defendants a debt, and therefore Defendants' online campaign to label Plaintiff an "unresponsive debtor" may serve as a basis for defamation. Moreover, alleging that Plaintiff engaged in a fraudulent "clandestine scheme to siphon money" or that he conspired to continue using equipment without making payments are the types of statement to give rise to a

**153452/2024  FELDMAN, JACOB vs. MOUNT, TYLER ET AL**
Motion No.  001

**Page 2 of 5**

2 of 5

defamation per se claim (*see Nolan v State*, 158 AD3d 186, 195 [1st Dept 2018] [statements that tend to injure the plaintiff in her trade, business or profession constitute defamation per se]).

Although Defendants argue "the remainder of the alleged statements are opinion" they fail to identify with particularity any of the alleged statements they argue constitute opinion. Defendants cannot obtain dismissal of Plaintiff's Complaint by simply throwing out defenses to defamation without identifying the allegations in the complaint to which those defenses apply. In any event, to the extent the alleged statements may be considered opinions, this Court finds they are actionable "mixed opinions" since it is implied the opinions are based upon facts unknown to the readers of those statements (*Glazier v Harris*, 99 AD3d 403, 404 [1st Dept 2012] citing *Guerrero v Carva*, 10 AD3d 105 [1st Dept 2004]). Finally, Defendant's argument that Plaintiff has not pled harm or damages is without merit. Statements constituting defamation *per se*, do not require pleading special damages – there must only be an allegation that addresses injury to reputation (*Liberman v Gelstein*, 80 NY2d 429 [1992]). Here, Plaintiff has pled sufficient allegations regarding injury to his reputation.

### B. Tortious Interference

The sole basis by which Defendants seek dismissal of Plaintiff's tortious interference claim is that it is "true" that Defendants obtained a default judgment against Plaintiff. However, as previously discussed, and as made clear by Court documents, the default judgment was not against Plaintiff but was solely against IMS (*see* NYSCEF Doc. 9).[3] Therefore, dismissal of the tortious interference claim is denied.

---

[3] Also, the only judgment creditor is Henry Street Creative LLC, not Defendants Tyler Mount or Tyler Mount Ventures LLC.

**153452/2024   FELDMAN, JACOB vs. MOUNT, TYLER ET AL**
**Motion No. 001**

**Page 3 of 5**

3 of 5

### C. Invasion of Privacy and Internet Harassment

Defendants do not even address Plaintiff's invasion of privacy and internet harassment claims in their motion and therefore the Court need not address dismissal of these claims.

### D. Dismissal of Corporate Defendants

Since all the alleged statements are attributed solely to Defendant Tyler Mount in his individual capacity, and not Defendants Tyler Mount Ventures, LLC and Henry Street Creative LLC, the Complaint is dismissed as to these Defendants. There are no specific or particularized allegations asserted against the corporate defendants.

Accordingly, it is hereby,

ORDERED that Defendants Tyler Mount, Tyler Mount Ventures, LLC, and Henry Street Creative LLC's motion to dismiss Plaintiff Jacob Feldman's Complaint is granted in part and denied in part; and it is further

ORDERED that Defendants' motion is granted solely to the extent that the Complaint as alleged against Tyler Mount Ventures, LLC, and Henry Street Creative LLC is dismissed; and it is further

ORDERED that Defendants' motion is otherwise denied; and it is further

ORDERED that within twenty days of entry of this Decision and Order, Defendant Tyler Mount shall serve an Answer to Plaintiff's Complaint; and it is further

ORDERED that the parties are directed to meet and confer, and on or before May 5, 2025, shall submit a proposed preliminary conference order to the Court via e-mail to SFC-Part33-Clerk@nycourts.gov. If the parties cannot agree to a proposed preliminary conference order, they shall appear for an in-person preliminary conference on May 7, 2025 at 9:30 a.m. in Room 442, 60 Centre Street, New York, New York; and it is further

**153452/2024   FELDMAN, JACOB vs. MOUNT, TYLER ET AL**
**Motion No.  001**

Page 4 of 5

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 1/30/2025 | | | | *M*y V Rot JSC |
|-----------|--|--|--|----------------|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | |
|------------|--|---------------|--|---|----------------------|--|
| | | GRANTED | x DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**153452/2024   FELDMAN, JACOB vs. MOUNT, TYLER ET AL**
**Motion No.  001**

**Page 5 of 5**

5 of 5