**Sharon Bahr Ives v. Central Vermont Public Service Corp., et al.**

[349 A.2d 878]

No. 117-75

Present: **Barney, C.J., Smith, Daley, and Larrow, JJ., and Shangraw, C.J. (Ret.), Specially Assigned**

Opinion Filed December 2, 1975

*Lawrin P. Crispe* of *the office of A. Luke Crispe,* Brattleboro, for Plaintiff.

*Philip R. Rosi,* of *Kristensen, Cummings & Price,* Brattleboro, for Central Vermont.

*John S. Burgess,* Brattleboro, for Corwin S. Elwell and Orman A. Holden.

**Daley, J.** The issue in this case is whether or not defendant public utility company has an affirmative duty to maintain its right-of-way for transmission lines so as to protect passersby from injury by falling trees within that right-of-way. If there is no such affirmative duty, the Windham Superior Court's granting of defendant's motion to dismiss plaintiff Ives' complaint for failure to state a claim upon which relief can be granted must be affirmed. Plaintiff sought and obtained permission to appeal the dismissal under V.R.A.P. 5(b)(1), on grounds that judgment for defendant had not been entered and a substantial ground for difference of opinion existed regarding the controlling issue of law.

Briefly stated, the facts of the case, taken from the complaint itself, disclose the following. Defendant Central Vermont Public Service Corporation secured permission from the Town of Brattleboro to erect and maintain electric lines. On October 15, 1972, plaintiff was a passenger in an automobile driven by Timothy Ives on Western Avenue in Brattleboro when a limb from a decayed tree within defendant's right-of-way fell on the Ives vehicle causing substantial bodily injury to plaintiff. In her complaint, plaintiff alleged negligence on the part of both the Town of Brattleboro and the utility company, but the Town is not party to this appeal. Defendant moved to dismiss plaintiff's action, arguing that it had no duty to remove decaying trees or branches adjacent to its highway right-of-way which might fall upon passing travelers.

In support of her argument that the utility company has a duty to remove decayed trees within its right-of-way, plaintiff relies primarily on the general law of easements relating to the duties of the dominant and servient tenant, citing *Walker* v. *Pierce,* 38 Vt. 94, 98 (1865), which very early recognized that the grantor of a private right-of-way is not bound to keep in repair the way granted, but that the duty of repair instead lies with the grantee. While this is still true as between private parties, the law relating to a power com-

pany's duty to maintain its right-of-way is not as broad as the general rule.

Generally, a power company is under a duty of safeguarding the public against dangers arising from the use of the dangerous agency of electricity to the extent of exercising reasonable care to correct or remove the cause of danger. 29 C.J.S. *Electricity* § 38. Specifically, in regard to decayed trees or limbs, the power company's duty owed to the motoring public is limited to protecting its wires from possible falling trees by erecting the lines a safe distance away from known hazards. See, e.g., *Tidwell* v. *Georgia Power Co.*, 60 Ga. App. 38, 2 S.E.2d 713 (1939) ; *Alabama Power Co.* v. *Jackson*, 232 Ala. 42, 166 So. 692 (1935) ; cf. *Bosley* v. *Public Service Corp.*, 127 Vt. 581, 583–84, 255 A.2d 671 (1969). That there is no broad duty to cut decaying trees is illustrated by 30 V.S.A. § 2506, which prohibits the power company from cutting decayed trees within the highway without permission from the owner, in this case the Town of Brattleboro, and provides a mandatory fine for violation thereof.

There was no allegation in plaintiff's complaint that defendant was negligent by erecting its power lines too close to a decayed tree near or within its right-of-way. The complaint alleged only that defendant had a duty to police its right-of-way and to remove potentially hazardous, decayed trees. This being the case, no legal duty was alleged, and the complaint was properly dismissed.

*Judgment affirmed.*