**Peter SCHAAD v. BELL ATLANTIC NYNEX MOBILE, INC., New England Telephone and Telegraph Co. d/b/a Bell Atlantic-Vermont and Central Vermont Public Service Corp.**

[800 A.2d 455]

No. 01-004

April 15, 2002. Plaintiff Peter Schaad, while riding on his all terrain vehicle (ATV), struck a utility line and brought an action for negligence against defendants Central Vermont Public Service (CVPS) and Bell Atlantic NYNEX Mobile, Inc. (Bell Atlantic). Following a jury verdict in favor of defendant CVPS and judgment as a matter of law in favor of defendant Bell Atlantic, plaintiff appeals claiming the Bennington Superior Court failed to properly instruct the jury, erroneously dismissed the case against Bell Atlantic, committed reversible error in prohibiting plaintiff's cross-examination of a CVPS employee regarding statements of CVPS's attorney, and erred in refusing to admit certain of plaintiff's medical records. We affirm.

On the night of February 21, 1997, a storm brought down the top of a tree in Bennington, Vermont, falling across utility lines owned by CVPS and Bell Atlantic. The downed lines caused a power outage at a home in Bennington; CVPS was notified, and two CVPS

employees were sent to find the cause of the outage and restore power. When they arrived, the CVPS employees discovered that a tree top had pinned down both the CVPS and Bell Atlantic lines. The CVPS employees removed the tree top from the utility lines, releasing both lines. They then rehung the CVPS line, but left the Bell Atlantic line sagging.

Approximately one month later, on March 21, plaintiff Peter Schaad road his ATV down an access road adjoining the property on which he was a caretaker. Plaintiff rode to his mailbox and after retrieving his mail cut through a neighboring cornfield. As he rode to a gap between telephone poles to get back to the access road, plaintiff struck the sagging Bell Atlantic line, injuring his neck. Plaintiff brought an action for negligence against CVPS and Bell Atlantic, and the case was tried by a jury on August 18, 2000. During trial, Bell Atlantic moved for judgment as a matter of law. The trial court granted Bell Atlantic's motion, dismissing the case against it. The jury returned the verdict in favor of CVPS.

Plaintiff brings this appeal claiming the trial court erred in: (1) failing to instruct the jury on Restatement (Second) of Torts § 324A; (2) granting Bell Atlantic's motion for judgment as a matter of law, dismissing Bell Atlantic as a party and later denying plaintiff's motion for a new trial on the same issue; (3) forbidding plaintiff from cross-examining a CVPS employee regarding a statement by CVPS's attorney; and (4) refusing to admit certain medical evidence.

Plaintiff's first claim of error is that the trial court failed to instruct the jury using the Restatement (Second) of Torts § 324A (1965). Section 324A provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
> (a) his failure to exercise reasonable care increases the risk of such harm, or
> (b) he has undertaken to perform a duty owed by the other to the third person, or
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Plaintiff contends that when CVPS employees removed the fallen tree top, releasing the downed lines, they provided a service to Bell Atlantic and that because they failed to use reasonable care, this service created an increased risk of harm to third persons. Plaintiff argues that CVPS employees came upon a dangerous situation and made it worse by releasing the Bell Atlantic phone lines just enough to leave them sagging several feet off the ground. We reject plaintiff's arguments first, because plaintiff waived this objection, and second, because even if the objection had been properly made, there is no evidence to suggest that CVPS's actions were in any way a gratuitous service to Bell Atlantic, or that CVPS's actions increased the risk of harm to third parties.

A party may appeal the trial court's decision not to give an instruction to the jury only where, before the jury retired to consider the verdict, that party objected to the failure to charge, stating with particularity the matter of objection and its grounds. V.R.C.P. 51(b). The purpose of this rule is to allow the trial judge a final opportunity to correct the charge, before the jury retires with the

case. *Winey v. William E. Dailey, Inc.*, 161 Vt. 129, 137, 636 A.2d 744, 750 (1993).

Plaintiff's objection to the court's failure to charge § 324A lacked particularity. Plaintiff raised his objection before the jury retired with the instructions. Plaintiff stated merely, "we'd except for the lack of charge under Restatement 324A," and when the court began to discuss the reasoning of its earlier ruling on that objection, plaintiff's counsel quickly cut off that discussion stating that the objection was "[j]ust for the record." This objection offered no grounds for the court to consider in making its ruling. Further, where, as in this case, the court chooses not to adopt an instruction proffered by a party, the party must not merely object to the lack of its proffered charge but must point out to the court its particular objection to the charge as it stands without the proffered instruction. See *Trombley v. Southwestern Vt. Med. Ctr.*, 169 Vt. 386, 395, 738 A.2d 103, 110 (1999) (objection is not preserved for appeal where party objected to failure to give his suggested charge but not to charge as given to jury); *Chater v. Cent. Vt. Hosp.*, 155 Vt. 230, 236, 583 A.2d 889, 892 (1990) (court's "failure to adopt text proffered by a party . . . does not constitute reversible error as long as the instruction actually delivered was without error"). Plaintiff failed to give grounds for his objection and failed to state with particularity the error of the court's negligence instruction as given and, thus, has failed to preserve the issue for appeal. See V.R.C.P. 51(b) (party must state distinctly its objection and the grounds for it).

In any event, the court's decision not to include § 324A was not error. Plaintiff failed to provide sufficient evidence to suggest: (1) that CVPS's efforts rendered service to Bell Atlantic; (2) that CVPS recognized its actions as protecting third persons; (3) that CVPS had a duty to either Bell Atlantic or the plaintiff; or (4) that CVPS's actions in any way increased the risk of harm to plaintiff. On the contrary, the evidence suggests that CVPS performed nothing more than a service necessary to restore power to its own customers, and that the Bell Atlantic lines were in no more of a dangerous position when CVPS employees left the scene than when they arrived. The court's failure to include § 324A in the instructions was not error where there was no evidence to suggest that the instruction was applicable to the case at hand.

Plaintiff asserts that the trial court erred in granting defendant Bell Atlantic's motion for judgment as a matter of law, and subsequently denying plaintiff's motion for a new trial on the same issue. We review a judgment as a matter of law de novo — using the same standard as the trial court — "the evidence is viewed in the light most favorable to the nonmoving party, and we exclude the effects of any modifying evidence." *Gero v. J.W.J. Realty*, 171 Vt. 57, 59, 757 A.2d 475, 476 (2000). Judgment as a matter of law is appropriate where a party's claims hold " 'no legally sufficient evidentiary basis for a reasonable jury to find for the [the nonmoving] party.' " *Id.* (quoting V.R.C.P. 50(a)(1)).

Here, the trial court granted Bell Atlantic's motion for judgment as a matter of law premised on plaintiff's failure to establish that Bell Atlantic had notice of the downed wires. A long standing principle of Vermont law is that a claim under the ordinary theory of negligence must establish that the defendant had either knowledge or foresight, or reasonably could be chargeable with knowledge. *LaFaso v. LaFaso*, 126 Vt. 90, 93, 223 A.2d 814, 817 (1966). A utility is charged with a general duty to safeguard the public from dangerous conditions to the extent that it must exercise reasonable care to correct or remove causes of danger, *Ives v. Cent. Vt.*

*Pub. Serv. Corp.*, 134 Vt. 67, 69, 349 A.2d 878, 879 (1975), but this duty does not extend to a broad knowledge at all times of the conditions of each of its lines. Hence, plaintiff's claims of negligence against Bell Atlantic hinged on the phone company's actual knowledge, at any point before plaintiff's injuries, that the wires in question were downed.

The plaintiff's lack of evidence on this point is best illustrated by reference to plaintiff's opening statement at trial in which plaintiff inferred that CVPS was negligent by asserting that CVPS had *not* informed Bell Atlantic that its wires were down. A change in strategy during the course of trial led plaintiff to suggest that CVPS employees might have initiated a contact with Bell Atlantic, but there was insufficient evidence to support a claim that Bell Atlantic knew, or could have reasonably been charged with knowing, the wires that injured plaintiff were down. Where there is no basis by which a reasonable jury could find for the nonmoving party, it is the duty of the court to grant a motion for judgment as a matter of law. V.R.C.P. 50(a)(1). The trial court did not err in granting Bell Atlantic's motion for judgment as a matter of law, nor in denying plaintiff's motion for a new trial on the same issue, and accordingly dismissing Bell Atlantic as a party to the case.

Plaintiff contends that the trial court erred in prohibiting him from cross-examining a CVPS employee regarding a written trial memorandum authored by CVPS's attorney that discusses whether CVPS, as a normal practice, contacted utility companies regarding downed lines. The trial court's determination of whether evidence is relevant will not be overruled absent an abuse of discretion, nor is an erroneous evidentiary ruling grounds for reversal unless it affects a substantial right of the party seeking to appeal the judgment. *Greene v. Bell*, 171 Vt. 280, 284, 762 A.2d 865, 869 (2000).

Plaintiff sought to admit this written trial memorandum as an admission of a party opponent. Under V.R.E. 801(d)(2)(D), a statement which would normally be inadmissable as hearsay is admissible where the statement is made by the party or their agent, in the scope of the agency, and is offered against them. The CVPS employee against whom plaintiff sought to introduce the evidence had testified that CVPS would typically only call Bell Atlantic regarding a downed lined if "they present a specific hazard." The trial memorandum plaintiff sought to introduce did not necessarily contradict this discussion and was written in the context of a hypothetical. The memo stated:

> If CVPS did undertake, gratuitously, to notify Bell Atlantic of the downed phone line in question the next issues are whether this created a duty . . . and, if so, whether it exercised this duty with reasonable care. . . . CVPS did not undertake a duty of Bell Atlantic: it did not undertake to fix Bell Atlantic's line . . . . All CVPS did was place a phone call and even if this created a duty, CVPS exercised reasonable care in doing so. A phone call in this type of situation is industry practice, and is by any measurement a quick and reliable way of informing Bell Atlantic of the situation.

(P.C. Appendix, Exhibit 22). The trial court denied the admission of this evidence because the trial memorandum was written to address a hypothetical, had little probative value, and tended to confuse the jury. The trial court was well within its discretion to limit the scope of cross-examination, and where the evidence is marginally probative and tends to introduce "remote, collateral considerations that could confuse the jury," it is

appropriately excluded. *Contractor's Crane Serv., Inc. v. Vt. Whey Abatement Auth.*, 147 Vt. 441, 450, 519 A.2d 1166, 1173 (1986).

Finally, plaintiff appeals the trial court's denial of his motion for a new trial based on his claim that the court erred in refusing to admit medical records concerning treatment from medical providers who would not be testifying at the trial. The medical evidence plaintiff sought to introduce went directly to damages. The jury found that CVPS did not act with negligence and therefore never proceeded to determine damages. Even assuming the trial court's failure to admit the evidence was error, there is no basis for granting a new trial. V.R.C.P. 61 ("No error in . . . the exclusion of evidence . . . is ground for granting a new trial . . . unless refusal to take such action appears to the court inconsistent with substantial justice.").

*Affirmed.*