*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-271

MAY TERM, 2013

| | | |
|---|---|---|
| William B. Birch | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Orange Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Alan G. Jesseman | } | DOCKET NO. 103-5-10 Oecv |

Trial Judge: Harold E. Eaton, Jr.

In the above-entitled cause, the Clerk will enter:

Plaintiff filed suit against his former landlord, alleging that defendant's negligence caused and/or aggravated a fire, which destroyed plaintiff's business. The case went to trial. Following plaintiff's presentation of evidence, the court granted defendant's motion for judgment as a matter of law, concluding that plaintiff failed to present adequate evidence that defendant was negligent or that defendant's acts caused or exacerbated the fire. Plaintiff appeals and requests a new trial. We affirm.

Plaintiff rented space from defendant for his antique business in a building with several residential and business units. In May 2007, there was a fire in the building, which destroyed plaintiff's business. The state police and fire marshal conducted an investigation and determined the fire was accidental and the exact cause was undetermined. The fire marshal concluded that the fire started on a deck of the second floor apartment and felt the most likely cause was cigarette disposal, although an electrical cause could not be ruled out.

Plaintiff filed suit claiming that defendant's negligence caused the fire and/or increased the damage from the fire. Plaintiff alleged that defendant was negligent in maintaining a proper standard of care for the building and in failing to warn plaintiff that the building was not fit for occupancy. Defendant filed for summary judgment, arguing that plaintiff's theories on the cause of the fire and the severity of the damage could not be sustained without an expert. The court denied the motion, explaining that plaintiff did not necessarily need an expert and could support his theory of how the fire started with eyewitness testimony "or other circumstances bringing the alleged cause within the common knowledge of the jurors." As to the claim that the fire would not have resulted in as much damage had the defendant not been negligent with respect to conditions in the building, the court found the factual record insufficient to allow the court to determine whether plaintiff's proof was sufficient to remove this theory from the realm of speculation. Having denied summary judgment the court warned, however, that it would "not allow the case to be submitted to the jury based solely upon speculation as to either the cause or extent of the fire."

The court bifurcated the liability and damages determinations. A jury trial on liability was held on June 28, 2012. Plaintiff represented himself at trial. He presented testimony from two witnesses to the fire. One witness stated that she saw smoke coming from the back of the building, but did not see any fire. She explained that she did not know what caused the fire. The other witness also described seeing smoke from the back of the building and then flames along a corner post. He testified that he did not know what started the fire.

Plaintiff questioned defendant as part of his case. In response to questions regarding defendant's compliance with rules regarding smoke detectors and fire extinguishers, defendant stated that the fire marshal had previously inspected the building and approved of the use of battery-operated smoke detectors, and that all fire extinguishers were properly installed. Defendant denied knowing that any tenants were storing or using modern solvents or other chemicals. Plaintiff attempted to have the Vermont fire code admitted. The court sustained defendant's objection on the basis that there was no foundation to explain what portions of the code were applicable to defendant's building. The video deposition testimony of the Department of Public Safety's fire investigator was played for the jury. The marshal's testimony was that the fire cause was undetermined. Plaintiff also testified.

At the close of plaintiff's case, defendant moved for judgment as a matter of law. Defendant argued that plaintiff had failed to provide sufficient evidence regarding the appropriate standard of care and the cause of the fire. Defendant claimed that plaintiff needed expert testimony to support his theory that defendant acted negligently and that this negligence caused the fire. The court ruled that the fire was of undetermined origin and that there was insufficient evidence as to the appropriate standard of care, and whether any negligence by defendant caused or exacerbated the fire. The court then granted defendant's motion for judgment as a matter of law.

Plaintiff appeals the judgment. Judgment as a matter of law is appropriate when "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." V.R.C.P. 50(a)(1). "We review a judgment as a matter of law de novo—using the same standard as the trial court—the evidence is viewed in the light most favorable to the nonmoving party, and we exclude the effects of any modifying evidence." Schaad v. Bell Atl. NYNEX Mobile, Inc., 173 Vt. 629, 631 (2002) (mem.) (quotation omitted).

To prove his negligence claim, plaintiff needed to show that defendant owed plaintiff a duty, that he breached that duty, that injury resulted, and that there was "a causal link between the breach and the injury." Zukatis v. Perry, 165 Vt. 298, 301 (1996) (listing elements of negligence). The burden of proof rests on plaintiff, and this burden is "not overcome by the introduction of facts generating only conjecture, surmise or suspicion." Marshall v. Milton Water Corp., 128 Vt. 609, 612 (1970).

On appeal, plaintiff argues that judgment as a matter of law was inappropriate. He claims that defendant was negligent in failing to warn him that the building did not comply with fire and safety codes and that there were flammables stored in the building. Plaintiff's appellate assertion that defendant stored hazardous materials in the building was not supported by the testimony offered at trial. Defendant testified that there were no hazardous materials stored in the building. As to the fire safety code, plaintiff argues on appeal that the court erred in excluding it at trial.

We need not reach the question, as admission of the code would not have altered the outcome. Even if the code had been admitted and plaintiff had evidence that defendant breached a duty of care, plaintiff still lacked any evidence to support his claim that defendant's negligence caused or contributed to the fire. There was no testimony—either from a lay witness or an expert—linking any of defendant's actions to the cause or spread of the fire. A verdict cannot rest on speculation or conjecture. See id. at 613 (affirming grant of motion for directed verdict where relation of any questionable conduct of defendant's "to the spread of the fire is entirely speculative"). A directed verdict was appropriate in this case where plaintiff failed to provide evidence of any breach of a duty of care that caused the fire that damaged plaintiff's business.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice