Vermont Superior Court
Filed 03/02/26
Chittenden Unit

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 25-CV-00301

| | |
|---|---|
| Scott Goodwin,<br>        Plaintiff<br><br>        v.<br><br>Alexa Lewis,<br>        Defendant | DECISION ON MOTION |

## RULING ON MOTION FOR SUMMARY JUDGMENT

This case arises out of a settlement agreement ("the Agreement") between the neighboring parties. In the Agreement, Defendant Alexa Lewis agreed to grant Plaintiff Scott Goodwin a septic easement and a driveway easement, and Goodwin agreed to grant Lewis an easement to use a portion of his driveway to access her property. However, the easements have not been executed. Goodwin filed this action asserting claims for breach of contract and breach of the covenant of good faith and fair dealing. Lewis filed a counterclaim asserting the same claims. Pursuant to Rule 56 of the Vermont Rules of Civil Procedure, Goodwin has moved for summary judgment on both of his claims as well as Lewis's counterclaims. Lewis opposes the motion and purports to file her own motion for summary judgment. For the reasons discussed below, Goodwin's motion is GRANTED IN PART and DENIED IN PART, and Lewis's motion is DENIED.

### Undisputed Facts

The following relevant facts are undisputed.[1] The parties own adjoining properties in Charlotte, and a survey reflected that (1) Goodwin's septic mound crossed the boundary line into Lewis's property and (2) a portion of the driveway Goodwin used to access his house was located on Lewis's property. The parties executed a Settlement Agreement on December 18, 2023, in which they agreed to give each other reciprocal easements within 30 days. Lewis agreed to grant Goodwin an easement for the existing septic system ("Septic Easement") and an

---

[1] In support of his motion, Goodwin has filed a Statement of Undisputed Material Facts ("SUMF") supported by citations to admissible evidence in the record, as required by Rule 56(c)(1). As discussed further below, Lewis has failed to property respond to Goodwin's SUMF pursuant to Rule 56(c)(2). Accordingly, except as otherwise noted, the Court considers the facts included in the SUMF undisputed. *See* V.R.C.P. 56(e); *Boyd v. State*, 2022 VT 12, ¶ 8 n.1, 275 A.3d 155 (where plaintiff "did not directly respond to defendant's statement of facts[,] .... for purposes of summary judgment, defendant's facts are deemed undisputed").

easement for the westerly portion of the driveway that is on her property ("Driveway Easement"). In exchange, Goodwin agreed to grant Lewis an easement to access the western portion of Goodwin's driveway to access and maintain her property south of the driveway. Goodwin also agreed to "remove all items he owns or has deposited that are currently on the west side of the boundary line to the east side of the boundary line" within 30 days of the date when the agreement was signed. *See* Pl.'s Ex. 1.

Before the 30-day deadline, Lewis expressed concern that the Town of Charlotte (the "Town") might require Goodwin to remove a portion of his driveway pursuant to the terms of a zoning permit that had been issued to him. Based on this concern, the parties signed an addendum in January extending the timeline for executing the easements "to allow the Parties time to determine if the driveway easement is consistent with the Town regulations and approvals." The parties agreed in the addendum that the easements would be completed and executed by February 20, 2024. By the time Lewis signed the addendum, Goodwin had removed all of his personal property from Lewis's side of the property line. In response to Lewis's complaint on January 17, 2024 that Goodwin was responsible for piles of brush in the woods on Lewis's side of the line, Goodwin removed those piles of brush that day or the following day. The Town issued Goodwin a certificate of occupancy on December 1, 2023. In response to Goodwin's requests to the Town regarding Lewis's concerns, the Town's zoning administrator confirmed on January 16, 2024, that "[t]he certificate of occupancy implies compliance with the [zoning] permit. I do not think I can reasonably request driveway modifications after the issuance of the CO." Pl.'s Ex. 5.

In the summer of 2024, Goodwin put gravel on the driveway to create a level and consistent driving surface, improve drainage, and prevent mud and puddles. The gravel Goodwin put down extended onto Lewis's property that was to be included in the easement. Goodwin used the portion of the driveway that extended onto Lewis's property without objection from Lewis from before the parties entered into the Settlement Agreement until sometime in October 2024, when Lewis hired someone to remove the gravel from the easement area and place it on Goodwin's side of the driveway. In March 2025, Goodwin obtained an estimate that it will cost $4,250 to repair the driveway.

Discussion

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). Although the Court gives the nonmoving party "the benefit of all reasonable doubts and inferences in determining whether there is a genuine issue of material fact, the nonmovant bears the burden of submitting credible documentary evidence or affidavits sufficient to rebut the evidence of the moving party." *Ziniti v. New Eng. Cent. R.R.*, 2019 VT 9, ¶ 14, 209 Vt. 433 (quotation omitted). The nonmoving party "may not rest on the allegations in its pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Palmer v. Furlan*, 2019 VT 42, ¶ 7, 210 Vt. 375 (quotation omitted). If the responding party believes there are material facts the Court should consider in addition to those included in the moving party's statement of facts, they "may file a separate and concise statement of additional material facts in

numbered paragraphs, with specific citations to particular parts of admissible materials in the record." V.R.C.P. 56(c)(2).

As noted above, Goodwin's summary judgment motion is supported by a SUMF that meets the requirements of Rule 56(c)(1). Therefore, to demonstrate a genuine issue of material fact exists as to any of Goodwin's statements, Lewis was required to submit a paragraph-by-paragraph response to Goodwin's SUMF, with specific citations to the materials in the record demonstrating a dispute of fact. V.R.C.P. 56(c)(2). Lewis failed to comply with these requirements.[2] As a result, the facts asserted in Goodwin's SUMF are undisputed for purposes of the Court's ruling on his motion. V.R.C.P. 56(e)(2); *see also Spinette v. Univ. of Vt.*, 2023 VT 12, ¶ 40, 217 Vt. 550 (trial court "appropriately accepted as true" facts in movant's SUMF when non-movant failed to address them as required by V.R.C.P. 56(c)).

It also appears that Lewis intends to move for summary judgment. She titled her Opposition "Response to Plaintiff's Motion for Summary Judgment and Defendant's Motion for Summary Judgment," and effectively reasserts her counterclaims in her filing. However, Lewis's motion is insufficient under Rule 56 because she did not submit a SUMF to support it, and she failed to sign her filing as required by Rule 11. *See* V.R.C.P. 11(a) (written motions "shall be signed" by an attorney of record or by the party if not represented by an attorney). Accordingly, the Court denies Lewis's purported motion for summary judgment without reaching the substance, and instead considers only her arguments in response to Goodwin's motion.

I.      Goodwin's Claims.

        A.      Breach of Contract

In Count I of his Amended Complaint, Goodwin asserts that the Settlement Agreement is an enforceable contract that Lewis has breached by failing to convey the Driveway Easement and the Septic Easement to him as required. Goodwin contends that he has suffered damages and seeks specific performance and compensatory damages in addition to punitive damages and attorney's fees. Lewis concedes that the Settlement Agreement is a contract, and it is undisputed that the easements were not executed. However, Lewis argues that Goodwin is in breach of the agreement because he (1) failed to remove his personal property from her side of the boundary line within 30 days, as required by the agreement, and (2) is not in compliance with the Town's land use regulations/zoning requirements.

Before the addendum was signed, the parties had agreed to give easements to the other within 30 days, which period would have ended on January 17, 2024. Goodwin's undisputed facts establish that he removed his personal property from Lewis's side of the boundary line by this date. Lewis disagrees and submits photographs with her opposition. Leaving aside the

---

[2] In her Opposition to Goodwin's motion, Lewis responded to portions of statements included in the "Factual Background" section of Goodwin's Motion, but that is not what the Vermont Rules of Civil Procedure require. Moreover, Lewis failed to submit an affidavit or other admissible evidence to support many of her alleged disputes with Goodwin's statements.

Court's finding that Lewis's filing is insufficient to counter Goodwin's SUMF, it is not clear what the photographs depict other than a shovel, orange rope, and some wood. Lewis does not state who took the photographs, when the photographs were taken, and where they were taken. Thus, without further explanation, the photographs cannot constitute evidence that Goodwin has failed to comply with his promise "to remove all items he owns or has deposited" on Lewis's side of the boundary line or even that the shovel belongs to Goodwin.

In any event, Goodwin's promise to remove his items was not a condition that had to be satisfied before Lewis could be held to her promise to grant Goodwin the sewer and driveway easements. "A condition is an event, not certain to occur, which must occur, unless its non-occurrence is excused, before performance under a contract becomes due." *Restatement (Second) Contract* § 224. "An event may be made a condition either by the agreement of the parties or by a term supplied by the court." *Id*. § 226. "No particular form of language is necessary to make an event a condition, although words as 'on condition that,' 'provided that' and 'if' are often used for this purpose." *Id*. cmt. a; *see, e.g.*, *Wark v. Zucker*, 2021 VT 37, ¶¶ 3, 14, 214 Vt. 605 (holding contract not enforceable because parties did not satisfy the express condition than an addendum be "agreed to in a signed writing"); *Sisters & Bros. Inv. Grp. v. Vt. Nat'l Bank*, 172 Vt. 539, 540, 773 A.2d 264, 266 (2001) (mem.) (contract included language that it was "subject to" particular conditions that must occur before contract was enforceable). The Settlement Agreement here did not describe any of the parties' promises as conditions or use any language that could be construed as making Goodwin's removal of "items he owns or has deposited that are currently on the west side of the boundary line" a condition of Lewis's obligation to grant Goodwin the sewer or driveway easement. Instead, the Agreement simply identified promises the parties were making that were in addition to the granting of easements. Other promises included Lewis's promise not to erect a fence along the boundary line and the parties' agreement not to sue the other regarding the location of the common boundary.

Likewise, Goodwin's compliance with any zoning regulations is not a condition of Lewis's obligation to grant the sewer and driveway easements. The Settlement Agreement addendum reflects that the parties extended the timeline for completing the easement deeds until February 20, 2024, "to allow the Parties time to determine if the driveway easement is consistent with the Town regulations and approvals." Pl.'s Ex. 1. Goodwin confirmed through communications with the zoning administrator that the location of his driveway, with the easement, was not in violation of the Town's zoning regulations, while Lewis concedes that she took no action at all in pursuit of this concern that was hers initially. Goodwin received a certificate of occupancy in December 2023, which is evidence that the property complies with zoning regulations. *Bianchi v. Lorenz*, 166 Vt. 555, 561, 701 A.2d 1037, 1041 (1997). Moreover, regardless of Goodwin's compliance with the Town's regulations, Lewis has no standing to enforce the Town's zoning regulations or challenge a zoning permit outside of the statutory approval process. *See Garzo v. Stowe Bd. of Adjustmen*t, 144 Vt. 298, 302, 476 A.2d 125, 127-28 (1984) (private citizen lacked standing to enforce zoning bylaw through writ of mandamus); *see also Dunnett v. Town of Ludlow Zoning Bd. of Adjustment*, Docket No. 2002-042, 2002 WL 34422594, at *2 (Vt. Aug. 2002) (unpub. mem.) (plaintiff had no status as

4

taxpayer and resident of town to challenge zoning decision).[3]  Therefore, Lewis's professed concerns regarding zoning compliance are not a barrier to enforcement of the Agreement nor a defense to the breach of contract claim.

The Settlement Agreement and addendum required Lewis to grant Goodwin the Driveway Easement and the Sewer Easement by February 20, 2024.  She has not done so and, therefore, is in breach of her obligations.  Goodwin appears ready to grant Lewis an easement to access the westerly portion of his driveway from Cedar Beach Road for the purpose of gaining access to maintain her property south of the driveway once he knows she is ready to grant him the Driveway Easement.  The motion for summary judgment is granted as to specific performance of the parties' contract (Count I), and both parties shall be ordered to grant the easements to the other as they agreed to do as part of the final judgment in this matter.

However, the Court declines to grant summary judgment on Goodwin's claims for damages arising from the breach of contract.  The only item of damages proffered by Goodwin is the $4,250 estimate to "repair" the driveway after Lewis removed the gravel he put down.  Goodwin cites to no authority in support of his position that he was entitled to place gravel on the portion of the driveway on Lewis's side of the boundary before the easement was granted, nor is the Court aware of any.  It is true that once Lewis grants Goodwin the Driveway Easement, Goodwin may have the right to maintain or improve it, but he has not established that this right existed before he had the easement in hand or permission from Lewis.  *See, e.g.*, *Ives v. Cent. Vt. Pub. Serv. Corp.*, 134 Vt. 67, 68, 349 A.2d 878, 879 (1975) (recognizing grantee of private right-of-way easement has duty to repair); *Restatement (Third) of Property (Servitudes)* § 4.13 (2000) (beneficiary of easement has duty to repair and maintain portions of servient estate and improvements used in enjoyment of servitude under beneficiary's control).

As for Goodwin's request for punitive damages, such relief is generally unavailable in a breach of contract action "except when 'the breach has the character of a willful and wanton or fraudulent tort, and when the evidence indicates that the breaching party acted with actual malice.'"  *Birchwood Land Co. v. Ormond Bushey & Sons, Inc.*, 2013 VT 60, ¶ 19, 194 Vt. 478 (quoting *Monahan v. GMAC Mortg. Corp.*, 2005 VT 110, ¶ 53, 179 Vt. 167*); see also Brueckner v. Norwich Univ.*, 169 Vt. 118, 129-30, 730 A.2d 1086, 1095 (1999) (purpose of punitive damages is to punish wrongdoer for "morally culpable," "truly reprehensible" conduct that has "character of outrage associated with crime"; plaintiff must show defendant acted with "actual malice"); *accord Fly Fish Vt., Inc. v. Chapin Hill Estates, Inc.*, 2010 VT 33, ¶¶ 18-19, 187 Vt. 541 (award of punitive damages only available where wrongful conduct is "outrageously reprehensible" and there is evidence of malice, which includes "bad motive, ill will, personal spite or hatred, and reckless disregard" of another's rights).  Lewis's conduct may have been wrongful, and she may even have acted with spite, but Goodwin has not demonstrated that Lewis acted in an outrageously reprehensible manner or with actual malice to warrant the imposition of punitive damages.  *See Fly Fish Vt.*, 2010 VT 33, ¶ 28 (holding that "a defendant's knowing and even gross indifference to a plaintiff's rights [is] . . . insufficient to satisfy the malice threshold for exemplary damages").

---

[3] *See* V.R.A.P. 33.1(d) (providing that an "unpublished decision by a three-justice panel may be cited as persuasive authority but is not controlling precedent").

B.      Breach of the Covenant of Good Faith and Fair Dealing.

The covenant of good faith and fair dealing is implied in every contract. *Carmichael v. Adirondack Bottled Gas Corp. of Vt.*, 161 Vt. 200, 208, 635 A.2d 1211, 1216 (1993). It "exists to ensure that parties to a contract act with 'faithfulness to an agreed common purpose and consistency with the justified expectations of the other party.'" *Id*. (quoting *Restatement (Second) of Contracts* § 205, cmt. a); *accord Tanzer v. MyWebGrocer, Inc.*, 2018 VT 124, ¶ 32, 209 Vt. 244. The covenant applies not only to contract performance, but also to contract enforcement, and it "is violated by dishonest conduct such as conjuring up a pretended dispute, asserting an interpretation contrary to one's own understanding, or falsification of facts." *Tanzer*, 2018 VT 124, ¶ 32 (quotation omitted). When both breach of contract and breach of the covenant of good faith and fair dealing are asserted, the two causes of action must be based on different and distinct conduct. *Beldock v. VWSD, LLC*, 2023 VT 35, ¶ 53, 218 Vt. 144 ("To the extent that Beldock's claim for breach of the implied covenant is duplicative of his breach-of-contract claim, it cannot be sustained as a matter of law."); *accord Tanzer*, 2018 VT 124, ¶ 33.

Goodwin contends that Lewis violated the covenant of good faith and fair dealing by "destroying" the western portion of the driveway that is the focus of the Driveway Easement when she removed the gravel he had laid down. However, this conclusory factual characterization is unsupported by any competent record evidence.[4] Tellingly, there is no assertion that the driveway cannot be used in the same manner as it was prior to the execution of the Agreement, or other undisputed facts that would establish "dishonest conduct" or a violation of "community standards of decency, fairness or reasonableness." *MyWebGrocer*, 2018 VT 124, ¶¶ 32-33. Accordingly, the motion for summary judgment as to the claim for breach of covenant of good faith and fair dealing (Count II) is denied.

II.     Lewis's Counterclaims.

A.      Breach of Contract

Lewis's counterclaim for breach of contract asserts that Goodwin breached the Settlement Agreement by failing to remove his personal items from her property within the time allowed in the agreement, leaving trash and debris on her property, failing to comply with the Town's land use regulations, and trespassing on her property. Lewis also asserts that Goodwin has continued to park his car on her property in violation of the Agreement. However, as discussed above, Goodwin's SUMF establishes that he complied with the Agreement and removed his personal property from Lewis's property. Lewis has failed to submit credible documentary evidence or affidavits sufficient to rebut Goodwin's statements or demonstrate a genuine issue for trial. In addition, Goodwin's placement of gravel in the driveway area does not demonstrate a breach of paragraph 3 of the Agreement, which concerns use of the Driveway

---

[4] Goodwin's SUMF asserts that Lewis "destroyed the surface of the west half of the driveway in October 2024." Pl.'s SUMF ¶ 13. Goodwin relies on the identical statement in his Affidavit and photographs submitted as Exhibit 10. However, the photographs are not authenticated, dated, or explained, and there is no basis for the Court to determine the meaning of the scenes or the significance of what is depicted.

6

Easement that has not yet been issued. *See* Pl.'s Ex. 1 ("No parking, storage of vehicles, equipment, or material, and no utilities shall be allowed within the Driveway Easement.").

Finally, Goodwin acknowledges that he parked his car overnight one time on Lewis's side of the driveway. SUMF ¶ 20. Lewis does not demonstrate that she was harmed by this event, and the Court concludes that, if anything, this constitutes only a de minimis violation of the Agreement and not an actionable breach. *Cf. In re Brewster River Mountain Bike Club, Inc.*, 2025 VT 4, ¶¶ 21-22, 331 A.3d 1039 (holding newly constructed bridge on landowner's property constituted de minimis recreational use not subject to town's zoning regulations due to bridge's minimal impact on land, small footprint, and lack of health and safety issues); *In re Licausi*, Case No. 2006-311, 2007 WL 5313303, at *2 (Vt. June 2007) (unpub. mem.) (affirming trial court's grant of conditional-use permit to operate asphalt plant based on finding that de minimis increase in noise level would not have material adverse impact on character of area); *see also BDCM Fund Adviser, L.L.C. v. Zenni*, 962 N.Y.S.2d 11, 14 (App. Div. 2013) (holding de minimis failure to comply with agreement was insufficient to support award of injunction or damages). Therefore, because there is no genuine issue of disputed fact for trial, Goodwin is entitled to summary judgment on Lewis's breach of contract claim.

B.      Breach of the Covenant of Good Faith and Fair Dealing

Lewis's counterclaim for breach of the covenant of good faith and fair dealing reasserts facts she alleged in support of her breach of contract claim, as also alleges that Goodwin failed to mediate in good faith, intentionally tore up boundary stakes and disregarded boundaries, and supplied misinformation to the State of Vermont, the Town, and Lewis.

As discussed above, where a party's "claim for breach of the implied covenant is duplicative of [her] breach-of-contract claim, it cannot be sustained as a matter of law." *Beldock*, 2023 VT 35, ¶ 53; *see also Monahan*, 2005 VT 110, ¶ 54 n.5 (stating Vermont does "not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when the [party] also pleads a breach of contract *based upon the same conduct*"). Thus, Lewis cannot assert a claim for breach of the covenant to the extent she has relied on the same conduct to support her breach of contract claim. Even more important, Lewis fails to demonstrate how Goodwin's alleged conduct was inconsistent with the parties' expectations or undermined her right to receive the benefits of the Agreement. *See Carmichael*, 161 Vt. at 208, 635 A.2d at 1216 ("An underlying principle implied in every contract is that each party promises not to do anything to undermine or destroy the other's rights to receive the benefits of the agreement."). Her assertion that Goodwin did not mediate in good faith is not relevant to the Agreement, and she does not explain how Goodwin's conduct during the parties' mediation could have affected or frustrated her expectations regarding it. Finally, any concerns Lewis had regarding Goodwin's ability to grant her an easement due to his alleged zoning violations are baseless since Goodwin received a certificate of occupancy and confirmation from the Town's zoning administrator that he was not in violation of any zoning regulations. *See Bianchi*, 166 Vt. at 561 (certificate of occupancy is evidence that the property is in compliance with zoning regulations).

7

Accordingly, and in light of Lewis's failure to direct the Court to any evidence supporting her claim for breach of the covenant of good faith and fair dealing, Goodwin is also entitled to summary judgment on this cause of action.

<u>Order</u>

For the foregoing reasons, Plaintiff Scott Goodwin's Motion for Summary Judgment (Mot. #2) is GRANTED as to Count I (breach of contract) and DENIED as to Count II (breach of the covenant of good faith and fair dealing). In addition, the motion is GRANTED as to both of Lewis's counterclaims. To the extent Lewis has filed a motion for summary judgment, it is DENIED.

This matter shall be scheduled for a pretrial conference to discuss next steps regarding any remaining claims.

Electronically signed on March 2, 2026 at 10:22 AM pursuant to V.R.E.F. 9(d).

_____

Megan J. Shafritz
Superior Court Judge

8